[No. 10,691.—Department One.]

## PEOPLE v. SALVADOR GARCIA.

INFORMATION—INDICTMENT.—An information or indictment, charging the same offense in different forms under different counts, must clearly show that the matters set forth in the different counts are descriptive of one and the same offense.

APPEAL from a judgment and order denying a new trial in the Superior Court of San Diego County. SEPULVEDA, J.

The defendant was convicted of the crime of assault with intent to commit murder.

*Chase, Arnold & Hunsaker*, for Appellant.

*A. L. Hart*, Attorney-General, and *W. M. Smith*, for Respondent.

Ross, J. :

By information the District-Attorney of San Diego County charged the defendant "with the crime of felony, committed as follows :

"Count 1. The said Salvador Garcia, on the 28th day of June, A. D. 1881, at said county, did unlawfully and with malice aforethought, with a dangerous and deadly weapon, to wit, with a large bar of iron, three feet in length, then and there held in his hands, assault one Lenora Philis with intent her, the said Lenora Philis, to kill and murder, she, the said Lenora Philis, then and there being only three feet distant from him, the said Salvador Garcia.

"Count 2. The said Salvador Garcia, on said 28th day of June aforesaid, at said county aforesaid, did unlawfully, and with malice aforethought, with a dangerous and deadly weapon, to wit, with a rifle gun, then and there loaded with gunpowder and leaden ball, which said rifle gun, so loaded as aforesaid, he, said Garcia, then and there held in his hands, assault one Lenora Philis aforesaid, and her, the said Lenora Philis aforesaid, unlawfully and of malice aforethought, did then and there attempt to shoot, with intent, her, the said Lenora Philis, to kill and murder, her, the said Lenora Philis, then and there being distant only ten feet from him, the said Garcia, and from said rifle gun aforesaid, still loaded as aforesaid, contrary," etc.

The information charges two offenses, for which reason the defendant's demurrer should have been sustained. "The indictment or information must charge but one offense, but the same offense may be set forth in different forms under different counts, and, when the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count." (Penal Code, § 954.)

While under our statute the indictment or information may charge the same offense in different forms under different counts, this must be done in such a way as to show clearly upon the face of the indictment or information that the matters and things set forth in the different counts are descriptive of one and the same offense. (*People* v. *Thompson*, 28 Cal. 216.) In the information before us there is nothing to indi-

cate any connection between the offense charged in the first count and that charged in the second. In the first, the defendant is charged with the crime of assaulting, with intent to kill Lenora Philis with a large bar of iron, three feet in length, alleged to be a deadly weapon—the said Lenora then being "only three feet distant from him, the said Salvador Garcia."

In the second count, defendant is charged with the crime of assaulting, with intent to kill, the said Lenora, with "a rifle gun, then and there loaded with gunpowder and leaden ball," also alleged to be a deadly weapon—the said Lenora then being "only ten feet from him, the said Garcia, and from said rifle gun aforesaid."

In brief, according to the information, the defendant committed two separate and distinct assaults upon Lenora Philis, on the 28th of June, 1881, with intent to murder her—one with a large bar of iron, while she was but three feet from him; and the other, with a loaded rifle gun, while she was but ten feet distant. Proof of the facts alleged in the second count would not have sustained the averments of the first, nor would proof of the facts alleged in the first count have sustained the averments of the second. (3 Greenleaf on Ev., § 140; 2 Sharswood's Black. Com. 194; Wharton's American Law of Homicide, p. 260.)

Judgment and order reversed and cause remanded to the Court below, with directions to sustain the demurrer to the information.

McKINSTRY, J., and MORRISON, C. J., concurred.