**Opinion delivered April 27, 1889.**

---

## No. 6252.

### JAMES LANGAN ET ALS. *v.* THE STATE.

1. RECOGNIZANCE taken after indictment must describe the very offense of which the principal is charged.
2. SAME—PRACTICE—INDICTMENT.—Another equally well settled rule is that neither the principal nor the sureties in a bail bond or recognizance can question the sufficiency of the indictment in a scire facias proceeding to forfeit the same.
3. SAME—CASE STATED.—The recognizance in this case binds the principal to appear on an indictment for assault with intent to rape. The said indictment is insufficient to charge that offense, but is sufficient to charge an aggravated assault and battery. The defendants' motion to quash the recognizance is based upon the ground that it does not obligate the principal to appear and answer the offense charged in the indictment. But *held*, that, as the intent of the indictment to charge assault to rape is manifest, the last rule announced obtains, and the trial court properly overruled the motion.

APPEAL from the District Court of Wilbarger. Tried below before the Hon. P. M. Stine.

The opinion discloses the case.

*Brill & Easton* and *Huff & Webb*, for the appellants.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. On the thirtieth of May, 1887, James Langan as principal, with Beard and Hasket as sureties, entered into a recognizance in the sum of one thousand dollars, by which Langan was bound to appear at the proper term of the district court of Wilbarger county to answer the charge, by indictment, of an assault with an intent to commit rape. On May 31, 1887, the cause was called for trial, and Langan failing to appear, a forfeiture was taken. At the November term, 1888, the case came on and the judgment *nisi* was made final against Langan, Beard and Hasket, and they appeal.

First error assigned: Appellants moved to quash the recognizance because the principal therein was not bound to appear and answer the offense charged in the indictment.

Langan was required to appear and answer the charge of an assault with intent to rape. The indictment alleges that "James Langan * * in the county of Wilbarger * * then and there, in and upon Jennie Barnett, a woman, did make an assault with the intent, her, the said Jennie Barnett, by force to carnally know."

This indictment would be good for assault with intent to rape if it had alleged that appellant intended to have carnal knowledge without or against the consent of the prosecutrix. This omission renders the indictment insufficient for that offense, but leaves it sufficient, under the decisions of this court, for an aggravated assault.

Now, it is contended by counsel that as the principal is not required by his recognizance to answer for this offense (aggravated assault), no forfeiture could be legally taken because he failed to so answer.

It is well settled by the decisions both of the Supreme Court and of this court, that the bond or recognizance must describe that offense of which the principal stands charged. (McAdams v. The State, 10 Texas Ct. App., 317; Keppler v. The State, Id.,

173; McLaren v. The State, 3 Texas Ct. App., 680, and cases cited.)

But on the other hand, it is also settled that neither the sureties nor the principal will be permitted to question the sufficiency of the indictment. Evidently the indictment in this case seeks to charge an assault with intent to commit rape; this was certainly the aim of the pleader. Hence we hold that the case comes under the last rule. If, however, it appeared from the indictment that it was the purpose of the pleader to charge aggravated assault, then we would hold that the first rule should apply. Evidently this is not the case; because aggravated assault is charged, not by the pleader intentionally, but because of the omission to allege that the carnal knowledge was intended without or against consent of the woman.

The law is too well settled against the second proposition to require discussion.

*Affirmed.*