## HENRY HARMON v. TERRITORY OF OKLAHOMA.

1. CRIMINAL LAW—*Indictment for Rape.* An allegation in an indictment for rape which charges that the defendant "feloniously made an assault and attempted by force, threats, and violence to have carnal knowledge of a female without her consent," is equivalent to a statement that she resisted, and under such an allegation evidence that she resisted or was prevented from resisting, is admissible.

2. TRIAL—*Inadmissible Evidence.* Evidence is inadmissible, in a prosecution, for assault with intent to commit rape, of the particulars of the complaint made by the prosecutrix to her husband some hours after the alleged commission of the offense.

*Error from the District Court of Payne County.*

*King & Hutto,* for plaintiff in error.

*W. B. Williams, County Attorney,* for defendant in error.

The opinion of the court was delivered by

McAtee, J.:   This proceeding was prosecuted in the court below by the defendant in error upon an indictment which charges that the plaintiff in error "in the county of Payne, and Territory of Oklahoma,   *   *   * did then and there unlawfully and feloniously make an assault in and upon one D. Y., a woman, with the intent then and there, upon the part of him, the said Henry Harmon, to commit the offense of rape upon the said D. Y. by then and there, without the consent of the said D. Y., attempting by force, threats and violence, to have carnal knowledge of her, the said D. Y.; the said D. Y. not then and there being the wife of him, the said Henry Harmon."

Upon this indictment a trial was had, and the jury found the defendant guilty of the charge contained in the indictment "of an assault with intent to commit rape."   Whereupon, a motion was filed by the defendant in arrest of judgment, which alleged that (1) "the indictment upon which the defendant was tried does not state facts sufficient to constitute the offense of which he was convicted," and that (2) "the indictment does not state facts sufficient to constitute a public offense," which motion was overruled; and the defendant thereupon filed his motion for a new trial alleging that (2) "the court erred in admitting evidence on behalf of the territory over the objection of the defendant," and

24—v.

(6) "the verdict is contrary to law," which motion was argued to the court and overruled, and exceptions saved.

Under ch. 20, art. 2, p. 104, Session Laws of 1895, it is provided that:

" Rape is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, under either of the following circumstances:" etc.

This indictment seeks to charge an attempt to commit rape, under the third sub-division of this section, which provides that:

"Third.    Where she resists, but the resistance is overcome by force or violence."

We are of the opinion that inasmuch as the indictment charged "that the defendant then and there unlawfully and feloniously made an assault in and upon one D. Y., a woman, with the intent then and there upon the part of him, the said Henry Harmon, to commit the offense of rape upon the said D. Y. by then and there, without the consent of the said D. Y., attempting by force, threats and violence, to have carnal knowledge of her, the said D. Y. not being the wife of him, the said Henry Harmon," that this was a sufficient allegation that the prosecutrix resisted, and that her resistance was overcome by force or violence.    Evidence of such resistance was admissable under this allegation of the indictment.    (*People v. Pacheco*, 70 Cal. 473).

The evidence of William Y., the husband of the prosecutrix, was admitted over the objection of the defendant, not only to the fact that upon his coming home that night, his wife made complaint to him, which was so far right; but he was permitted to state to the jury what she said to him.    This testimony of the witness, including her statements, should not have gone to the jury.    (Greenleaf on Ev., vol. 3, 213; Rosc. Crim.

Ev., § 23; Bish. Crim. Pro., vol. 2, 963; 1 Phil. Ev., 184; *Kirby v. Territory*, 28 Pac. Rep. 1134, [Ariz]; *People v. Tierney*, [Cal.], 7 Pac. Rep. 37).

Upon this ground the case should be reversed and remanded for further proceedings. It is so ordered.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.