[Crim. No. 527.  Department One.—August 10, 1899.]

THE PEOPLE, Respondent v. AUGUST NEBER, Appellant.

CRIMINAL LAW—CHARGE TO JURY—CONDITIONS AND LIMITATIONS.— Each sentence of a charge to the jury in a criminal case need not contain all the conditions and limitations to be gathered from the entire text.

ID.—BURGLARY—CHARGE AS TO POSSESSION OF STOLEN PROPERTY— MATTER OF FACT.—A charge to the jury upon the trial of an accusation of burglary with intent to commit larceny, in reference to the possession of stolen goods, which at the outset showed that it was based hypothetically upon the fact of such possession being established beyond a reasonable doubt, does not proceed to charge the jury upon matters of fact, because

such hypothesis is not repeated in the subsequent discussion of the effect of evidence of such possession, and as to when it is to be considered as a circumstance in connection with other circumstances in the case in arriving at a verdict.

ID.—CAUTION TO JURY.—Such charge could not mislead the jury when they were in a subsequent part of the charge expressly cautioned against understanding the court as intimating any opinion upon any fact in the case. or upon the weight of the evidence.

APPEAL from a judgment of the Superior Court of Napa County. E. D. Ham, Judge.

The facts are stated in the opinion.

Webber & Rutherford, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

BRITT, C.—Defendant was convicted in this action of the crime of burglary in the second degree, perpetrated by entering a certain building with intent to commit larceny therein. The charge of the judge to the jury at the trial included the following matter: "The mere fact that a person is found in the possession of property recently stolen, if such be the fact, and established by the evidence beyond a reasonable doubt, is not in and of itself sufficient to warrant a conviction of the party either of larceny or burglary. There must be evidence outside of, or beyond or independent of, the fact of the possession of the property recently stolen in order to warrant a jury in convicting a party. But where the evidence establishes the fact beyond a reasonable doubt that the person who had the recent possession of stolen property gives false, contradictory, or inconsistent accounts of how he came by that possession, that is a circumstance that the jury should consider in arriving at a verdict, and they can and should consider the fact that the party has the possession of property recently stolen in connection with all the other circumstances in the case in arriving at their verdict." On appeal, defendant does not deny that there was evidence before the jury tending to show that certain personal property was stolen from the building aforesaid at or about the

time of the burglary alleged against him, and was found soon afterward in his possession; but he contends that the effect of said instruction was to say that those things were established as true, and so the court charged the jury as to matter of fact.

At the outset of the instruction complained of the judge stated the condition upon which his remarks were founded to be hypothetical only—"if such be the fact, and established beyond a reasonable doubt." It is incredible that the jury, as men of ordinary intelligence, did not understand that the same qualification accompanied the immediately succeeding references to the same circumstance, although the condition was not repeated. Each sentence of the charge is not required to contain "all the conditions and limitations which are to be gathered from the entire text." (*People v Doyell,* 48 Cal. 85; *People v. Flynn,* 73 Cal. 511; *People v. Worden,* 113 Cal. 569.) If a suspicion remain that the jury might have misunderstood the language of the court, it is removed by the part of the charge subsequently occurring, as follows: "Do not understand me as intimating any opinion on any fact in this case. Whether the defendant is guilty or innocent of this offense is for you to determine from the evidence. You must distinctly understand that the court in no manner or form is expressing or intends to express or intimate any opinion upon the weight of the evidence, . . . . or that any fact in the case is or is not proven."

Other points made by appellant are without merit, and are not of importance to require separate notice. The judgment should be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Van Dyke, J., Garoutte, J., Harrison J.