THE STATE OF UTAH, Respondent, v. VIDO DELVEC-
CHIO, Appellant.

### No. 1350.   (69 Pac. 58.)

1. **Criminal Law: Rape: Information: Resistance: Allega-
   tion: Sufficiency.**

   Revised Statutes, section 4217, defines rape to be "an act of sexual
   intercourse accomplished with a female, not the wife of the
   perpetrator, under either of the following circumstances,"
   among which the third is, "where she resists but her resistance
   is overcome by force or violence." An information charged that
   accused unlawfully, forcibly, feloniously, and against the will
   and without the consent of the prosecutrix, ravished her. *Held,*
   that a motion in arrest of judgment on the ground that the in-
   formation did not allege resistance overcome by fear or violence
   was properly overruled; the language being equivalent to a
   statement of resistance overcome by force.

2. **Same: Better Practice to Use Language of Statute.**

   While it is the better and safer practice, when a crime is defined by
   a statute, and all of its constituent elements are therein speci-
   fically set out, to charge it in the indictment or information in
   the language of the statute, it may be properly charged in other
   words of equivalent import.

3. **Appeal: Defective Bill of Exceptions: What Objections
   not Considered: Chapter 39, Revised Statutes 1898.**

   Revised Statutes, page 1012, section 4943, provides that on the trial
   of an information the defendant may except to the decision of
   the court in rejecting or admitting testimony or in instructing
   the jury; section 4946 provides that bills of exceptions in crim-
   inal cases shall be settled, signed, and filed as in civil cases;
   and section 4948 provides that when written requests to charge
   have been presented, given, or refused, such requests need not be
   excepted to or embodied in a bill of exceptions, but shall form
   part of the record. *Held,* that where, on appeal in a criminal
   case, complaint is made of the giving and refusing of certain
   instructions, and of the admission and rejection of certain evi-
   dence, but it does not appear that the instructions were written,

and the stenographic notes of the trial proceedings, purporting to be a bill of exceptions, are not authenticated, save by the stenographer's certificate, the objections can not be considered.

(Decided June 5, 1902.)

Appeal from the Third District Court, Salt Lake County.— *Hon. S. W. Stewart,* Judge.

The defendant was convicted of rape and he appealed.

AFFIRMED.

*D. S. Truman, Esq.,* for appellant.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W. R. White,* Deputy Attorney-General, for the State.

BASKIN, J.—The information alleged that the defendand "on the twenty-first day of July, A. D. 1901, at Salt Lake county, State of Utah, in and upon one Bertha Westlund, a female, not the wife of the said Vedo Delvecchio, unlawfully, forcibly, and feloniously did make an assault, with the intent then and there the said Bertha Westlund, unlawfully, forcibly, and feloniously, to ravish and carnally know, and her, the said Bertha Westlund, then and there, against her will and without her consent, unlawfully, forcibly, and feloniously did ravish and carnally know, contrary to the form of the statutes of the State aforesaid in such cases made and provided, and against the peace and dignity of the State of Utah." The jury having found him guilty, a motion in arrest of judgment was made. The grounds stated in the motion were "that the information in this case fails to state facts sufficient to constitute a public offense, or of the offense of rape sought to be charged in said information, or to state sufficient or any facts so that the defendant herein can understand the

nature of the charge against him." The overruling of the motion is assigned as error.

1. Section 4217 of the Revised Statutes defines rape to be "an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances," among which the third is, "where she resists but her resistance is overcome by force or violence."

The objection urged by defendant's counsel is that the information fails to allege that the said Bertha Westlund resisted, and that her resistance was overcome by defendant's force or violence. While it is better and safer practice, when the crime committed is defined by a statute, and all of its constituent elements are therein specifically set out, to charge it in the indictment or information in the language of the statute, it may be properly charged in other words of equivalent import. 10 Enc. Pl. and. Prac., 483 et seq. We are of the opinion that the language in which the defendant is charged with having unlawfully, forcibly, feloniously, and against the will and without the consent of the said Bertha Westlund, committed the acts of ravishment and carnal knowledge, is substantially equivalent to stating that she resisted, but her resistance was overcome by force. It was so held, under provisions the same as those of section 4217, before quoted, in the cases of People v. Pacheco, 70 Cal. 473, 11 Pac. 761, and Harmon v. Territory (Okl.), 49 Pac. 55. The motion in arrest of judgment was therefore properly overruled.

2. The other errors assigned are based upon the action of the trial court in giving and refusing to give certain instructions, and in admitting and refusing to admit certain evidence. It does not appear from the record that the instructions given and complained of were requested in writing by either party; nor does it appear that those which were refused were requested in writing by the defendant, or that he requested them at all; nor does the record contain any

bill of exceptions, settled, signed, and filed as required by section 4946, Revised Statutes. What purports to be a bill of exceptions consists of a transcript of the official stenographer's notes of the evidence and proceedings at the trial. These notes are not authenticated, except by the certificate of the stenographer. Under the provisions of Criminal Code, chapter 39 (Rev. St., p. 1012), the evidence which was admitted and that which was rejected, and the instructions given and those which were refused, not being embodied in a bill of exceptions, form no part of the record. An appellate court is authorized only to decide questions presented by the record. We can not, therefore, consider any of the objections which are based upon the evidence, or upon the instructions given or refused.

It is ordered that the judgment be affirmed, and the case remanded for further proceedings in accordance with law.

MINER, C. J., and BARTCH, J., concur.