[Crim. No. 1182.  Department One.—February 18, 1905.]

THE PEOPLE, Respondent, v. FLORENCIO JAILLES, Appellant.

CRIMINAL LAW—RAPE—INFORMATION—DISTINCT COUNTS — FORCE — INTERCOURSE WITH YOUNG GIRL.—An information for rape does not charge two offenses where the same rape upon the same female on the same day is charged in two distinct counts, the first of which avers force, violence, and resistance, without stating age, and the second of which simply alleges sexual intercourse with her, being under the age of sixteen years; although it would have been preferable to expressly state that the matters and things so set forth were descriptive of one and the same offense.

ID.—SINGLE COUNT—PROOF UNDER FIRST COUNT.—All of the allegations of the two counts might have been joined in one count, or, if the matter in the second count were wholly omitted, proof of the facts

stated therein would have supported a conviction under the first count.

ID.—AVERMENT OF RESISTANCE.—The allegation that the defendant did violently and feloniously assault and ravish and carnally know such female, "she having resisted his said assault, and said resistance having been then and there overcome by the force and violence" of the defendant, necessarily means that she resisted the whole assault to the very accomplishment of the act charged, and that the act was accomplished only by overcoming her resistance by force and violence.

ID.—INSTRUCTIONS—DEFINITION OF OFFENSE — HARMLESS OMISSION— NEGATION OF WIFEHOOD.—Where the evidence clearly established, without the slightest pretense to the contrary, that the prosecutrix was not the wife of the defendant, and in another part of the charge the court correctly defined the offense as including an act of sexual intercourse with a person not the wife of the perpetrator, the omission in another instruction stating what was necessary to a conviction under the first count to state that it was necessary to show that the prosecutrix was not the wife of the defendant was not prejudicial.

ID.—INSTRUCTION AS TO "MORAL CERTAINTY."—An instruction as to "moral certainty," held not to be construed as defining simply that degree of certainty "which a person would feel justified to act upon in matters of importance to himself."

ID.—INSTRUCTION AS TO WITNESSES—KNOWLEDGE OF JURY.—An instruction relative to any witness in general, that the jury might take into consideration his manner, relation to the controversy, etc., which merely states facts already within their knowledge as men of common sense, is not prejudicial.

ID.—REFUSAL OF REQUESTS.—It was not prejudicial error to refuse to give requested instructions substantially given in the charge of the court.

ID.—EVIDENCE—IMPEACHMENT —CONTRADICTORY STATEMENT — FOREIGN LANGUAGE—REFUSAL TO STRIKE OUT.—Where a witness sought to be impeached · by evidence of a contradictory statement made at a certain time and place in the presence of two witnesses, one of whom was a Spanish interpreter, and each of whom testified to the contradictory statement, it was not error to refuse to strike out the evidence of the other witness as hearsay because he testified on cross-examination that the statement was in the Spanish language and that he understood Spanish, though he did not understand every word and sentence of it, and could not speak it connectedly, and could not tell connectedly what was uttered, and that his knowledge of the exact words spoken was derived at the time from such Spanish interpreter.

ID.—NEW TRIAL — NEWLY DISCOVERED EVIDENCE — DISCRETION. — The discretion of the trial court in denying a motion for a new trial on

the ground of newly discovered evidence will not be interfered with, where the showing is not such as to establish an abuse of discretion.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

E. E. Capps, George H. P. Shaw, and Kirby & Shaw, for Appellant.

U. S. Webb, Attorney-General, Cassius Carter, District Attorney, and W. R. Andrews, Deputy District Attorney, for Respondent.

ANGÉLLOTTI, J.—Defendant was convicted of rape, and appeals from the judgment pronounced upon said conviction and from an order denying his motion for a new trial.

1. The defendant interposed a demurrer to the information upon the ground that "the said information charges more than one offense." The demurrer was overruled, and this ruling of the trial court is complained of as erroneous.

The information contained two counts, each charging a rape committed by defendant on May 10, 1903, upon one Maria Tampo, the first charging that a rape was accomplished by means of force and violence, and against the resistance of the female, and the second omitting all allegations as to force and violence and resistance, and simply alleging an act of sexual intercourse with the said female, she then and there being under the age of sixteen years.

Section 954 of the Penal Code provides: "The indictment or information must charge but one offense, but the same offense may be set forth in different forms under different counts, and, when the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

It has been said by this court that while under our statute the indictment or information may charge the same offense in different forms under different counts, "this must be done in such a way as to show clearly upon the face of the indictment or information that the matters and things set forth in

the different counts are descriptive of one and the same of-
fense.'' (*People* v. *Garcia*, 58 'Cal. 102.)

It must be conceded that it would be preferable for the
pleader endeavoring to set forth one offense in different forms
under different counts to expressly state in the information
that the matters and things so set forth are descriptive of one
and the same offense. Such a statement would obviate all
question as to the intention of the pleader. We think, however,
that, despite the absence of such a statement in the informa-
tion before us, it is manifest that it was sought to charge but
one offense—viz., one rape committed on Maria Tampo on
May 10, 1903. The nature of the allegations in the two counts
shows this very clearly. The only difference between the alle-
gations of the two counts is, that force, violence, and resistance
are alleged in one without allegation as to age, while in the
other is the allegation as to age without any allegation as to
force, violence, and resistance. The allegations of each show
the offense of rape, committed on the same person on the same
day, and indicate that the district attorney was simply endeav-
oring to set forth the same transaction in different ways so
as to bring the case within either subdivision 1 or subdivision
3 of section 261 of the Penal Code, as the evidence on the trial
might show it to have been.

All these allegations might undoubtedly have been joined in
one count, for there is nothing inconsistent in them, or the
second count might have been entirely omitted, for testimony
showing the existence of the facts alleged therein would have
been sufficient to sustain a conviction under the allegations
of the first count. (*People* v. *Snyder*, 75 Cal. 323; *People* v.
*Vann*, 129 Cal. 118, 121.)

The decision of this court in *People* v. *Thompson*, 28 Cal.
214, is in point here, and sustains the information. The in-
formation in *People* v. *Garcia*, 58 Cal. 102, relied on by ap-
pellant, clearly charged two separate and distinct assaults.
The court there said: ''In brief, according to the information,
the defendant committed two separate and distinct assaults
upon Lenora Philis on the 28th of June, 1881, with intent to
murder her, one with a large bar of iron, while she was but
three feet from him; and the other, with a loaded rifle gun,
while she was but ten feet distant. Proof of the facts alleged
in the second count would not have sustained the averments

of the first, nor would proof of the facts alleged in the first count have sustained the averments of the second." The case is not in point here.

2. It is urged here for the first time, the objection not having been made by demurrer, that the first count of the information does not state a public offense, in that it does not clearly charge that the prosecutrix resisted the assault of defendant to the end. It is alleged in the information that the defendant "on and upon one Maria Tampo . . . did violently and feloniously make an assault, and her, the said Maria Tampo, did violently and feloniously ravish and carnally know . . . she having resisted his said assault, and said resistance having been then and there overcome by the force and violence of said" defendant. This sufficiently alleged resistance to the act of defendant, overcome by force or violence. It is suggested that it is alleged only that she resisted "the assault," and not that she resisted the ravishing. But the only assault alleged was that committed in the accomplishment of the act of ravishing. The allegation that she resisted the assault, and "that such resistance was overcome by the force and violence of said" defendant, necessarily means that she resisted the whole thereof, to the very accomplishment of the act charged, and that the act was accomplished only by reason of the fact that her resistance was overcome by force and violence.

3. In charging the jury as to what was essential to a conviction under the first count of the information the trial court omitted to state that it was necessary to show that the prosecutrix was not the wife of the defendant. In another portion of the charge the court correctly defined the offense as being an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under certain conditions. The omission noted above was not prejudicial. There was not the slightest pretense that the prosecutrix was the wife of the defendant. The defendant himself testified that he did not know her name, that he had no acquaintance with her, and that he never saw her before that night. Under the circumstances of this case, it could not be held to be prejudicial error for the court to assume in its instructions that she was not defendant's wife. (See *People* v. *Baldwin,* 117 Cal. 244, 251.)

4. The evidence very clearly establishes the fact that the prosecutrix was not the wife of defendant.

5. Adolpho Jailles, a witness for the defense, was asked on cross-examination if he had not made a certain statement at variance with his testimony to one Harry Hubbell and one Ambrosia Ruiz, at a certain place and time, and denied having made such a statement.

Hubbell was called in rebuttal, and testified without objection that at the time and place stated, and in the presence of said Ruiz, Jailles made said statement. On cross-examination he testified that Jailles made such statement in the Spanish language; that he understood Spanish; that he did not understand every word and sentence of Spanish; that he could not put a Spanish sentence "connectedly together," could not tell "connectedly" what was uttered, and that his knowledge as to the exact words used by Jailles on that occasion was derived from what Ruiz, who acted as interpreter, then and there told him.

The defendant thereupon moved to strike out the evidence of Hubbell as to Jailles's statement, on the ground that the same was hearsay, and his motion was denied, the court saying that the objection went simply to the weight of the evidence before the jury. Taking into consideration all of the evidence of the witness upon this subject, we cannot say that the court erred in this ruling. It may be added that Ruiz, the interpreter, was subsequently sworn as a witness, and testified to the making of the statement by Jailles.

6. We find no prejudicial error in the matter of instructions to the jury.

We have already discussed the question as to the effect of the omission of the court, in one portion of its charge, to state that it was necessary to show that the prosecutrix was not the wife of defendant.

There was nothing in the instruction of the court as to "moral certainty" which could be construed to define that term as being simply that degree of certainty "which a person would feel justified to act upon in matters of importance to himself."

The instruction as to the testimony of the defendant was the same instruction concerning which this court has over

and over again said that a judgment will not be reversed because such instruction was given.

No instruction was given that called the attention of the jury to any other particular witness or class of witnesses. The court simply informed the jury that as to any witness they might take into consideration his manner, relation to the controversy, etc. As has been often said, this is only stating to the jury facts already within their knowledge as men of common sense.

The refusal of the court to instruct that the "presumption of innocence must go with you in all your deliberations, as jurors, in arriving at your verdict" was not prejudicial. The court had already instructed "that a defendant, in a criminal action, is presumed to be innocent, until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal." There was nowhere in the charge any intimation, as in cases relied upon by appellant, that this presumption of innocence could be lost sight of at any time prior to arriving at a verdict, and the jury could not have so understood, in view of the instructions given.

The court refused to give a requested instruction to the effect that the prosecution was required to prove the defendant guilty beyond a reasonable doubt, and that the defendant is not required to prove his innocence. The reason assigned was, that the instruction was given elsewhere, as it was, in substance. It was not necessary to repeat it in a different form.

7. The showing upon motion for a new trial on the ground of newly discovered evidence was not such that we can say that the trial court in denying the motion abused the discretion confided to it.

No prejudicial error appearing in the record, the judgment and order must be affirmed, and it is so ordered.

Shaw, J., and Van Dyke, J., concurred.