[Criminal No. 232.   Filed March 27, 1908.]

[94 Pac. 1106.]

R. E. DAGGS, Defendant and Appellant, v. THE TERRI-
TORY OF ARIZONA, Respondent.

1. ASSAULT WITH INTENT TO COMMIT RAPE—INDICTMENT—SUFFICIENCY.
   Under the statutes of Arizona, rape is defined as "an act of sexual
   intercourse accomplished with a female not the wife of the perpetra-
   tor under either of" several circumstances, among them, "where she
   resists, but her resistance is overcome by force or violence." An
   indictment for assault with intent to commit rape charged defend-
   ant with making an assault upon prosecutrix with intent to commit
   rape upon her, and without her consent, by threats, force and vio-
   lence, attempting to have sexual intercourse with her. Held, that
   said indictment does not charge a public offense, being defective in
   failing to charge that the intent was to accomplish the act of sexual
   intercourse without prosecutrix's consent and against her resistance,
   it being entirely consistent with the allegations of the indictment
   that the defendant may have attempted sexual intercourse with the
   woman without gaining her consent, but without an accompanying
   intention to press his force, threats or violence to the point of over-
   coming her active resistance or even of overcoming her dissent.

APPEAL from a judgment of the District Court of the
Third Judicial District, in and for the County of Maricopa.
Edward Kent, Judge. Reversed.

J. F. Wilson, and A. J. Daggs, for Appellant.

An assault as defined by Arizona statutes is "An unlawful
attempt, coupled with the present ability, to commit a violent
injury on the person of another." Rev. Stats. Ariz., Crim.

Code, par. 207. "An attempt to use force is a necessary element of every assault." *People* v. *Gomez*, 118 Cal. 327, 50 Pac. 427. "There must be an unlawful attempt, and there must be a present ability to inflict the injury." *People* v. *Gomez, supra; People* v. *Lee Kong*, 95 Cal. 666, 29 Am. St. Rep. 165, 30 Pac. 804, 17 L. R. A. 626; *Cranor* v. *State*, 39 Ind. 64. "Present ability . . . must be alleged as well as proved." *State* v. *Hubb*, 58 Ind. 416; *Howard* v. *State*, 67 Ind. 404. The word "assault" is the name and legal appellation of a crime, and need not be stated. Rev. Stats. Ariz., Crim. Code, 207; *Robinson* v. *State*, 15 Tex. 318; *Brady* v. *Territory*, 7 Ariz. 12, 60 Pac. 698; *State* v. *Anderson*, 3 Nev. 256; *State* v. *Johnson*, 9 Nev. 177; *People* v. *War*, 20 Cal. 117; *People* v. *Phipps*, 39 Cal. 326, and cases. The acts which make up the offense must be charged. *State* v. *Murray et al.*, 41 Iowa, 580. A statement of the acts constituting the offense in ordinary and concise language is required by paragraph 824, Revised Statutes of Arizona. *People* v. *Hamilton*, 71 Mich. 340, 38 N. W. 921. Crimes are not generally charged in indictments simply by name, but by alleging facts filling in the given case the definition of the crime. *State* v. *Hubbs, supra.*

"The indictment must 'charge all the elements entering into the statutory description of the offense.'" *State* v. *Wright*, 52 Ind. 308; *Williams* v. *State*, 47 Ind. 568. "The intent and present ability to commit the battery must be shown before an assault of any kind can be made out." *Pratt* v. *State*, 49 Ark. 180, 4 S. W. 785; *Boles* v. *State*, 18 Tex. App. 426; *Jarnigan* v. *State*, 6 Tex. App. 465; *Young* v. *Territory*, 8 Okl. 525, 58 Pac. 727; *Sowers* v. *Territory*, 6 Okl. 436, 50 Pac. 257. "The specific intent to rape must accompany the means used to effect the rape." *Reagan* v. *State*, 28 Tex. App. 232, 19 Am. St. Rep. 833, 12 S. W. 601. "The intent is manifested by the circumstances connected with the offense." Rev. Stats. Ariz., par. 21. And must be alleged. Rev. Stats. Ariz., par. 20. The particular felony must be charged as fully and as particularly as if it stood alone. Each and every element must be alleged. *Adell* v. *State*, 34 Ind. 544; *Young* v. *Territory*, 8 Okl. 525, 58 Pac. 727; *Sowers* v. *Territory*, 6 Okl. 436, 50 Pac. 257. "It is one of the statutory rights granted to every defendant that the indictment brought against him shall charge every necessary and material ingredient essential to constitute the crime charged." *Parker* v. *Territory*, 9 Okl.

109, 59 Pac. 9. The allegation of resistance is absolutely essential. *People* v. *Jailles,* 146 Cal. 301, 79 Pac. 965. There must be more force than simply enough to do the act of sexual intercourse. *Mills* v. *United States,* 164 U. S. 644, 17 Sup. Ct. 210, 41 L. Ed. 584; *Pefferling* v. *State,* 40 Tex. 489; *United States* v. *Cruikshank,* 92 U. S. 542, 23 L. Ed. 588.

E. S. Clark, Attorney General, for Respondent.

Our statute on this subject is taken from California, and no such strictness of pleading as to the offense here charged is required or ever has been required in that jurisdiction. *People* v. *Brown,* 47 Cal. 477; *People* v. *Girr,* 53 Cal. 629; *People* v. *Pacheco,* 70 Cal. 473, 11 Pac. 761; 4 Kerr's Cal. Cyclopedic Codes (1906), p. 249, pars. 56-61.

NAVE, J.—R. E. Daggs was found guilty and sentenced for assault with intent to commit rape. From the judgment of conviction, he has appealed.

Among numerous assignments of error the only one we shall consider is that the court erred in overruling the general demurrer to the indictment. The charging part of the indictment is: "The said R. E. Daggs . . . did unlawfully, willfully, and feloniously make an assault in and upon the person of one Esther Power, a female, with intent then and there upon the part of him, the said R. E. Daggs, to commit the offense of rape upon said Esther Power, by then and there without the consent of the said Esther Power, by force, threats, and violence, attempting to have sexual intercourse, with her, the said Esther Power, she, the said Esther Power, not being then and there the wife of the said R. E. Daggs." We interpret the expression "by then and there without the consent of the said Esther Power, by force, threats, and violence, attempting to have sexual intercourse with her," as intended to specify the acts of the defendant upon which it is predicated that he committed an assault with intent to commit rape. The question, therefore, arises whether, if the acts were committed as charged, the defendant was guilty of assault with intent to commit rape. Our attention is directed by respondent to the decision of the supreme court of Oklahoma in *Harmon* v. *Territory,* 5 Okl. 368, 49 Pac. 55, from which it would appear that the pleader may have copied the indictment now before us. In that case the indictment was held sufficient to charge the offense. Our statutes, in so far

as they are here concerned, are identical with the statutes of Oklahoma. By these statutes rape is defined to be "an act of sexual intercourse accomplished with a female not the wife of the perpetrator under either of" several circumstances, among them, "where she resists, but her resistance is overcome by force or violence." It seems manifest that the rape which the grand jury assumed was intended by the defendant was a rape under circumstances covered by the portion of the statute just quoted. The pleading charges, however, merely an attempt by force, threats, and violence to have sexual intercourse with the woman without her consent. It fails to charge that the intent was to accomplish an act of sexual intercourse against her resistance, and does not even charge that it was intended to accomplish it against her consent. It is entirely consistent with the allegations of the indictment that Daggs may have attempted sexual intercourse with the woman without gaining her consent, but without an accompanying intention to press his force, threats or violence to the point of overcoming her active resistance, or even of overcoming her dissent.

We entertain the view that, for the reasons thus outlined, the indictment does not charge a public offense. Wherefore the trial court erred in overruling the demurrer thereto.

The judgment of the district court will be reversed, and the defendant ordered discharged.

SLOAN and CAMPBELL, JJ., concur.

DOAN, J.—I concur with my associates in the result reached in this case. The demurrer is urged upon the ground that, "in order to constitute the crime known as assault with intent to commit rape," it is necessary to allege the facts constituting the assault, and to allege the intent to commit the acts constituting the crime of rape; that to allege an intent to "commit the offense of rape upon said Esther Power" in those words only is not sufficient, as these words only allege a legal conclusion. The appellant has argued at length that the allegation of the assault is insufficient, in that the indictment, instead of stating the facts that constitute an assault has simply alleged "did make an assault," thus giving the name of the offense, instead of the facts that constitute it. Without conceding this theory to be correct, it does not avail him in this instance, because a careful reading of the

XI Ariz.—29

indictment discloses that the words, "by then and there, without the consent of the said Esther Power, by force, threats and violence, attempting to have sexual intercourse with her, the said Esther Power," as they appear in the body of the indictment, and were perhaps intended by the pleader to refer to the crime of rape therein alleged to have been intended by the defendant, do, by a strict grammatical construction of the text, refer to the assault, and supply the omission that is so severely criticised by the appellant. The indictment as it reads is equivalent to the following paraphrase of it: "Did then and there unlawfully, willfully and feloniously make an assault in and upon the person of one Esther Power, a female, by then and there, without the consent of the said Esther Power, by force, threats and violence, attempting to have sexual intercourse with her, the said Esther Power, with the intent then and there upon the part of him, the said R. E. Daggs, to commit the crime of rape upon the said Esther Power, she, the said Esther Power, not being then and there the wife of the said R. E. Daggs." A consideration of the allegations of the facts, or of the commission of the acts, constituting the crime of rape, with the intent to commit which the defendant is intended to be charged, reveals a fatal defect in the indictment. It is not sufficient in charging an assault with intent to commit an offense to stop with the name of such offense, without stating the intent to commit the acts constituting such offense, any more than it would be sufficient in alleging the perpetration of an offense to stop with the allegation that the defendant did perpetrate such an offense, calling it by name, without stating that he committed the acts constituting such offense.

The crime of rape is defined by our statute to be "an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of" six several conditions therein stated, only two of which would be applicable herein: " (3) When she resists, but her resistance is overcome by force or violence. (4) When she is prevented from resisting by threats of immediate and great bodily harm. . . ." This indictment does not allege the intent of the defendant to accomplish an act of sexual intercourse with Esther Power under either of these conditions. The statement that sexual intercourse on any given occasion is rape is the statement of a legal conclusion. In the allegation of this indictment that "the defendant did make an assault upon the person of

one Esther Power, a female, with intent then and there upon the part of him, the said R. E. Daggs, to commit the offense of rape upon said Esther Power," the intent is addressed to the legal conclusion; whereas, it is incumbent upon the pleader to state the acts to commit which the intent was addressed, and let the court determine whether or not they constitute the offense stated by him in such legal conclusion. The pleader may have intended the words, "by then and there, without the consent of the said Esther Power, by force, threats and violence, attempting to have sexual intercourse with her, the said Esther Power," to state the manner in which, or the conditions under which, the defendant attempted to commit the acts constituting the rape that he alleged it was the intent of the defendant to commit, but, as above stated, these qualifying words by proper grammatical construction refer to the assault, and not to the intended rape. If the indictment had read "by then and there, without the consent of the said Esther Power, by force, threats and violence, having sexual intercourse with her, . . ." these words might have been regarded as a statement of the acts and manner of the perpetration of the acts intended by him, and as therefore designating the offense. Such an indictment would present the question whether alleging an intent to accomplish the act of sexual intercourse with a female by force and violence is sufficient to charge an intent to rape without alleging the further intent to overcome by such force or violence her resistance.

The California supreme court holds "that an indictment charging sexual intercourse with a female, . . . accomplished by force and violence," is sufficient, on the presumption that such force and violence overcomes her resistance, and have only insisted that the evidence sustain the allegation by showing that it was genuine force and *bona fide* resistance. The old precedent in *People* v. *Brown,* 47 Cal. 477, seems to have been practically followed by that court from that time to the present. The indictment in that case charged the defendant with an assault "with intent then and there to commit an act of sexual intercourse with the said Julia Dow, by force and violence, and against her will." Of this indictment the supreme court said: "The indictment we think good in substance, though not so well drawn as to become a valuable precedent in criminal pleadings." The correct rule of law on this subject is tersely stated by Mr. Justice

Clifford in *United States* v. *Cook,* 17 Wall. (U. S.) 168, 21 L. Ed. 538: "Offenses created by statute, as well as offenses at common law, must be accurately and clearly described in an indictment. . . . It is universally true that no indictment is sufficient if it does not accurately and clearly allege all the ingredients of which the offense is composed. With rare exceptions, offenses consist of more than one ingredient, and in some cases of many; and the rule is universal that every ingredient of which the offense is composed must be accurately and clearly alleged in the indictment, or the indictment will be bad and may be quashed on motion, or the judgment may be arrested or be reversed on error." This rule has been adopted and followed in Oklahoma, and on this authority it was held in the case of *Young* v. *Territory,* 8 Okl. 525, 58 Pac. 727, that, "in charging an assault with intent to commit a felony, the essential elements of the felony should be set out. The attempted crime not being consummated, the gist of the offense consists of the intent with which the assault was committed. It must, therefore, be distinctly alleged and proved. It must be alleged and proved that the assault was made with that specific intent. The indictment under consideration does not specifically aver the acts constituting any felony known to our statutes. . . . The only averment in the indictment as to the intent is 'and her, the said Ethel Gray, did wound and ill-treat, with intention, her, the said Ethel Gray, and against her will, feloniously to ravish and carnally know.' There are none of the elements contained in the second subdivision definding rape embraced in this allegation. The third is: 'Where she resists, but her resistance is overcome by force or violence.' This statute was defined and interpreted in *Sowers* v. *Territory,* 6 Okl. 436, 50 Pac. 257, and it was there held that it must appear that the prisoner intended to gratify his passions at all events, and notwithstanding the utmost resistance of the woman. One is not guilty of rape, under this subdivision, even though he have sexual intercourse with a woman against her will, unless she resists and her resistance is overcome by force or violence. There is no allegation that the defendant intended to have sexual intercourse with the said Ethel Gray by force and violence sufficient to overcome any resistance she might make. This is necessary in order to constitute rape under this subdivision. . . . The defendant must have intended to use the amount of force necessary to over-

come her resistance, and all the resistance she might make. . . . It must be alleged that defendant assaulted the female with intent then and there to have sexual intercourse with the said Ethel Gray, and by force or violence to overcome her resistance. . . . The averment in the indictment that he intended to ravish and carnally know her against her will is not equivalent to the requirements of the statute." And such has been the rule in that jurisdiction from that time to the present.

I consider this a correct declaration of the law on this subject; but, although this matter is discussed at length by the parties in their briefs, I scarcely think it is presented in this case, for the reason that the allegations in the indictment are not sufficient to bring this case even under the California rule which is invoked by the respondent. 1. The force, threats and violence are alleged in this indictment of the assault, and not of the intended rape. 2. To apply those qualifying words to the intended sexual intercourse depended on in this case to constitute the crime of rape would not only do violence to the grammatical construction of the sentence, but would even then not avail the pleader, for these words thus applied utterly fail to characterize or define the offense of rape. Such construction would cause the indictment to charge that the defendant intended to commit the offense of rape upon the said Esther Power "by then and there, without the consent of the said Esther Power, attempting to have sexual intercourse with her by force, threats and violence." Rape is nowhere defined as an attempt to have sexual intercourse under any given circumstances. If we should give the language used that construction, the indictment fails to charge anything. If this was an indictment charging an attempt to rape, or if, under an indictment charging rape by the allegation of the elements constituting rape, a conviction of an attempt to rape was asked upon proof of such an attempt, and a failure to prove accomplishment, we might go into the further consideration of this question, but this indictment was not presented as an indictment for "an attempt to commit rape," nor as an indictment for an "assault with intent to attempt to commit rape." Rape is by paragraph 230 of our Penal Code of 1901 defined to be "an act of sexual intercourse, accomplished [not attempted] with a female, not the wife of the perpetrator" under the circumstances therein set forth. Decisions of interest on this subject

may be found in *Croomes* v. *State,* 40 Tex. Cr. 672, 51 S. W. 924, 53 S. W. 882; *McAvoy* v. *State,* 41 Tex. Cr. 56, 51 S. W. 928; *People* v. *Collins,* 5 Cal. App. 654, 91 Pac. 158; *Rector* v. *Territory,* 9 Okl. 530, 60 Pac. 275; *People* v. *Jailles,* 146 Cal. 301, 79 Pac. 965; *People* v. *Gardner,* 98 Cal. 127, 32 Pac. 880; *Langan* v. *State,* 27 Tex. App. 498, 11 S. W. 521; *People* v. *Lee,* 107 Cal. 477, 40 Pac. 754; *People* v. *Ward,* 110 Cal. 369, 42 Pac. 894.