[Crim. No. 185.  Second Appellate District.—February 4, 1911.]

THE PEOPLE, Respondent, v. CHARLES F. STEVENS, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—SUPPORT OF VERDICT. In a prosecution for an assault with a deadly weapon, where the jury found a verdict of guilty as charged, and the evidence shows that from the nature and severity of the wounds produced, and that one of them was a clear cut to the bone, and another through the skull, it is held that the jury were warranted in concluding that a deadly weapon was employed in producing such wounds.

ID.—INSTRUCTION AS TO GUILT OF AIDER AND ABETTOR OF CRIME—OMISSION OF QUALIFICATION OF REASONABLE DOUBT—INCLUSION ELSEWHERE.—An instruction as to the guilt of one who aids and abets a crime, as being that of a principal in the crime, is not erroneous for omitting the immediate element of reasonable doubt therein, where the court elsewhere explicitly instructed the jury that "in order to convict this defendant of the crime charged in the information, it is incumbent upon the prosecution to satisfy you beyond a reasonable doubt of the truth of every material allegation thereof," and also gave a charge preceding the instruction given, that "if after a full and careful consideration of all the evidence

in this case you are not satisfied beyond a reasonable doubt that the defendant committed any one of the offenses defined in these instructions, then it will be your duty to acquit him."

ID.—REPETITION OF CHARGE NOT REQUIRED.—When a material charge is once given, it is not necessary to repeat it in a different form; nor is each sentence of the charge required to contain all the conditions and qualifications which are to be gathered from the entire text.

ID.—INSTRUCTION GIVEN AT DEFENDANT'S REQUEST.—When an instruction is given at defendant's request, he cannot complain thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George R. Davis, Judge.

The facts are stated in the opinion of the court.

George Appell, Fred J. Spring, and George F. Snyder, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—This appeal is from a judgment following defendant's conviction of the crime of assault with a deadly weapon, and from an order denying a new trial.

There is evidence in the record tending to show that defendant, together with three companions, laid in wait for the prosecuting witness at a point where he daily alighted from the electric cars upon his return from work; that on or about the 19th of September, 1910, at about 6 o'clock P. M. of said day, the prosecuting witness arrived at the station near his home and had proceeded about three blocks therefrom on his way to his residence when an assault was made upon him by defendant and his associates—one of whom hit him over the right eye with something and knocked him into the middle of the street, and while there he was cut in four or five places. One of these wounds was a scalp wound about an inch and a half long, and another about two inches long, at right angles with each other; two cuts in the middle of the forehead, with some bruises behind the left ear and some injuries upon the left wrist, which last-named injuries were evidenced by two round marks, looking as though they had been sunk in with something. After this assault defendant and his companions

separated and fled, and the prosecuting witness was taken to his home in a conveyance by friends. Subsequently, on the 24th of September, the defendant was arrested and his trial and conviction followed.

Appellant presents three reasons why, in his opinion, the judgment of conviction and the order denying a new trial should be reversed; his first contention being that there is no evidence tending to show that the assault was committed by defendant, or that a deadly weapon was employed. That defendant was present and participated in the assault is pretty clearly established; that a deadly weapon was employed is established by the physician's testimony to the effect that one of the wounds seemed to be a clear cut, clear to the bone, and another through to the skull; that they were of such character as might have been caused by the use of a sharp instrument and were so located that death might have ensued. In addition to this, at the time of the trial the wounds had not yet healed; the jury had before them the injured man and the nature and character of the wounds, and, considering all of the testimony, we think sufficient was shown to warrant the jury in concluding that the assault was committed with a weapon as charged in the information. We, therefore, see nothing in appellant's first contention warranting a reversal.

Appellant's second contention rests upon an alleged error of the trial court in giving the following instruction: "The law provides that all persons concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense or aid and abet in its commission, are guilty as principals in the crime so committed; and should you find from the evidence in this case that some other person, at the time and place mentioned in the information, did willfully, feloniously and with malice aforethought assault the said Edward C. Hoffman with a deadly weapon with intent then and there him, the said Hoffman, to kill and murder, or did commit any one of the aforesaid lesser offenses necessarily included in that which is charged; and that the defendant now on trial was present and aided and abetted in the commission of such assault, then under the law, this defendant is himself guilty of the crime so committed"; the criticism of appellant being that in such portion of the charge there was omitted therefrom the state-

ment that to establish the defendant's guilt as aider and abettor it must be proven beyond a reasonable doubt. It must be conceded that it is the duty of the trial court to instruct the jury that the burden is upon the prosecution of establishing every element of the crime of which defendant may be convicted beyond a reasonable doubt, but while the court did omit from this particular portion of the charge any statement with reference to the character of proof, yet in another portion of the instructions the court did charge the jury that: "In order to convict this defendant of the crime charged by the information, it is incumbent upon the prosecution to satisfy you beyond a reasonable doubt of the truth of every material allegation thereof. The law presumes him to be innocent of the crime charged until he is proved guilty, beyond a reasonable doubt, by competent evidence." Then following the court charged the jury as to the offenses of a lesser grade than that charged under which a conviction might be had, and in connection with this charged them: "If, after a full and careful consideration of all the evidence in this case, you are not satisfied beyond a reasonable doubt that the defendant committed any one of the offenses defined in these instructions, then it will be your duty to acquit him"; this last charge being in connection with the one to which exception is urged and which immediately preceded it. When a material charge is once given, it is not necessary to repeat it in a different form. (*People* v. *Jailles,* 146 Cal. 307, [79 Pac. 965].) "Each sentence of the charge is not required to contain all the conditions and limitations which are to be gathered from the entire text." (*People* v. *Neber,* 125 Cal. 562, [58 Pac. 133].) As said in the last-mentioned case: "It is incredible that the jury, as men of ordinary intelligence, did not understand that the same qualification accompanied the immediately succeeding references to the same circumstance, although the condition was not repeated."

It is unnecessary to comment upon the third point presented, further than to say that it is an objection to an instruction given the jury at defendant's request, and while we do not regard the instruction as open to criticism, having been given at defendant's request, he cannot complain. (*People* v. *Emmons,* 7 Cal. App. 685, [95 Pac. 1032].)

We see no prejudicial error in the record, and the judgment and order are affirmed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 6, 1911, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1911.