[Crim. No. 194.  Second Appellate District.—May 4, 1911.]

THE PEOPLE, Respondent, v. C. F. GROW, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—EVIDENCE—LABOR STRIKE—ANTAGONISM OF DEFENDANT TO PROSECUTING WITNESS—MOTIVE.—Upon the trial of a defendant prosecuted for an assault with a deadly weapon with intent to murder the prosecuting witness, evidence that defendant was one of many union men engaged in a strike against an employing company, and that the prosecuting witness was a nonunion man employed by the same company, was admissible as tending to show an antagonism of the defendant against the prosecuting witness, and to show a motive for the crime.

ID.—MOTIVE OF CRIME MATERIAL—PROOF OF COLLATERAL MATTER PREJUDICIAL TO DEFENDANT.—The motive with which a crime is committed is always a material and proper subject of inquiry; and the fact that it is established by proof of collateral matter prejudicial to the defendant does not render the evidence incompetent.  Even if the evidence of collateral matter tends to prove the commission of a distinct substantive offense, it is nevertheless admissible, if it has a direct tendency, in view of the surrounding circumstances, to prove the motive or intent or other material fact in the case.

ID.—IDENTITY OF DEFENDANT DISPUTED—MOTIVE PECULIARLY MATERIAL.—Where the identity of the defendant as the person who committed the crime is a fact in dispute, evidence of a motive of defendant to commit the crime is peculiarly material.

ID.—AIDING AND ABETTING CRIME—PROPER INSTRUCTIONS—"REASONABLE DOUBT."—The court properly instructed the jury to the effect that if some person other than the defendant made the alleged assault with intent to murder the prosecuting witness, and if defendant "was present and aided and abetted in the commission of such assault, then, under the law, this defendant is himself guilty of the crime so committed," although the law of "reasonable doubt" is not embodied therein, where the jury were elsewhere so fully instructed as to that law that it is held impossible to conceive of the jury finding defendant guilty as an aider and abetter in the commission of the crime, if its members entertained a reasonable doubt as to the proof of such fact.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

George Appell, Fred J. Spring, and Geo. F. Snyder, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—Defendant was charged by information with the crime of assault with a deadly weapon with intent to commit murder. At the trial upon this charge he was convicted of the crime of assault and sentenced to ninety days in jail. He appeals from the judgment and an order of court denying his motion for a new trial.

On September 19, 1910, Edward C. Hoffman, the prosecuting witness, was and had been for several months engaged in work as an iron molder for the Keystone Iron Works in Los Angeles, California. He resided at a station on the Long Beach electric railway line, known as Latin Station, from which, over said railway line, he traveled to and from the place of his employment in Los Angeles. About 6 o'clock on the evening of September 19th, upon arriving at Latin Station, he left the car line and was proceeding along the sidewalk to his home, when, without warning and without seeing his assailants, he was, as shown by the evidence of those who witnessed the attack, assaulted by four men, knocked from the sidewalk into the roadway, and beaten into an insensible condition. While the evidence is conflicting upon the question, it clearly tends to establish the fact that defendant was one of the four persons who committed the assault. Hoffman was unacquainted with the defendant and testified that so far as he knew he had never seen him until after the date of the assault.

For the purpose of showing a motive for the assault, evidence was introduced, over defendant's objection, tending to prove that Hoffman was a nonunion iron molder employed by the Keystone Iron Works, which for several months had pursued a policy of refusing to employ men who were members of the iron molders' union; that defendant was a member of the iron molders' union, which at the time of the attack upon Hoffman was, and for some time had been, engaged in maintaining a strike declared against the Keystone Iron

Works; that he was actively connected with the strike, associating with and encouraging others engaged in keeping a line of pickets at the plant of the Keystone Iron Works.  Appellant insists that the court erred in admitting this evidence, for the reason that the facts sought to be established were collateral to the issue being tried and could have no bearing upon the guilt or innocence of defendant.  In our opinion, the ruling of the court was proper.  The motive with which a crime is committed is always material and a proper subject of inquiry.  That it is established by proof of collateral matters prejudicial to defendant does not render the evidence incompetent.  The fact that defendant was actively engaged with others in prosecuting a strike against the Keystone Iron Company and that Hoffman accepted employment with such company, thus placing himself in a position antagonistic to the hostile attitude of defendant's union toward such employer, clearly and logically tended to show a motive on the part of defendant in committing the assault, and since the identity of the person who committed the crime was a fact in dispute, evidence of motive was peculiarly material. (*People* v. *Soeder*, 150 Cal. 14, [87 Pac. 1016]; *People* v. *Donnolly*, 143 Cal. 394, [77 Pac. 177].)  Even where the evidence of collateral facts tends to prove the commission of a distinct substantive offense, it is, nevertheless, admissible if it has a ''direct tendency, in view of the surrounding circumstances, to prove the motive or intent or other material fact.'' (*People* v. *Cook*, 148 Cal. 341, [83 Pac. 43].)  There is nothing in the case of *People* v. *Lane*, 100 Cal. 379, [34 Pac. 856], cited by appellant, contrary to the view here expressed. It was there held that the evidence admitted did not tend to prove any material fact involved in the issues.

Appellant next contends that the court erred in instructing the jury as follows: ''If you find from the evidence in this case that some other person, at the time and place mentioned in the information, did willfully, feloniously and with malice aforethought assault the said Edward Hoffman with a deadly weapon with intent then and there him, the said Hoffman, to kill and murder, or did commit any one of the aforesaid lesser offenses necessarily included in that which is charged (and as to which the court had instructed the jury), and that the defendant now on trial was present and aided and abetted

in the commission of such assault, then, under the law, this defendant is himself guilty of the crime so committed.'' Appellant's objection to this instruction is that the court omitted therefrom a statement that, in order to establish defendant's guilt as aider and abetter in the commission of the assault, such fact must be proven beyond a reasonable doubt. The court, however, fully instructed the jury upon this point in elsewhere stating: ''The defendant's presence and participation in the crime are affirmative and material facts that the prosecution must show beyond a reasonable doubt to sustain a conviction; and if, from a careful consideration of all the evidence in this case, you have a reasonable doubt of the defendant's presence at the time and place where the assault is charged to have been committed, it will be your duty to acquit him.'' And again told them that, ''Every person is presumed to be innocent until he is proven guilty. If, upon such proof, there is reasonable doubt remaining, the accused is entitled to the benefit of it by an acquittal.'' Under the instructions considered as a whole (*People* v. *Jailles,* 146 Cal. 307, [79 Pac. 965]; *People* v. *Stevens,* 15 Cal. App. 294, [114 Pac. 800]), it is impossible to conceive of the jury finding defendant guilty as an aider and abetter in the commission of the crime if the members thereof entertained a reasonable doubt as to the proof of such fact. (*People* v. *Neber,* 125 Cal. 562, [58 Pac. 133].)

The judgment and order are affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on July 3, 1911.