## FRANK GRIFFIN v. STATE.

No. A-8089.　Sept. 12, 1931.
(3 Pac. [2d] 239.)

D. B. Madden and Walter Hubbell, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.　Plaintiff in error, hereinafter called defendant, was convicted in the district court of Beckham county of the crime of murder, and his punishment fixed by the jury at imprisonment in the state penitentiary for life.

Joe Pounds, Jess Brown, and defendant were jointly charged with the murder of C. H. Phillips, sheriff of Beckham county. Pounds entered a plea of guilty and was sentenced to life imprisonment in the state reformatory at Granite. A severance was granted and defendant Jess Brown put upon trial first. The jury found him guilty and fixed his punishment at life imprisonment in the state penitentiary, and thereafter defendant was placed on trial and was also found guilty by a jury and his punishment fixed as above stated.

The evidence in the case at bar is practically the same as that in Brown v. State, 52 Okla. Cr. 110, 3 Pac. (2d) 237, decided at this sitting of the court, except that the defendant Griffin took the witness stand and testified in his own behalf.

Defendant contends that the evidence is insufficient to support the verdict of the jury, for the reason that the testimony of Joe Pounds, the accomplice, was not corroborated.

This case is stronger than the one against Brown, for the reason that defendant having taken the witness stand, the state was enabled to get in evidence a statement containing admissions made by defendant shortly after the commission of the homicide, which statement was taken in writing, signed by defendant and sworn to. In this statement defendant made admissions which strongly tend to connect him with the commission of the offense.

For a full discussion of the additional facts tending to connect defendant with the commission of the offense, and for authorities supporting the holding that the accomplice was sufficiently corroborated, see Brown v. State, supra.

It is also contended that the trial court erred in permitting the state to prove in this case, in effect, that the codefendant Jess Brown had a motive for killing Phillips. Proof of motive for a killing is not indispensable to a conviction, but in this case proof of motive was proper in view of the fact that the state relied upon circumstantial evidence to a large extent to show facts that corroborated the accomplice Joe Pounds and tended to connect the defendant with the crime.

When the state connected Griffin with Brown and connected them both with Pounds in the killing, then proof of motive on the part of either or both of them became competent, because proof of motive on the part of any principal in a crime is competent as against all, where they act in concert. Anything that impels the act of one of them is admissible against all, where it is also shown that they acted together in the commission of the crime. Irvin v. State, 11 Okla. Cr. 301, 146 Pac. 453.

In Hall v. State, 37 Okla. Cr. 4, 255 Pac. 716, 717, this court said:

"Where one of the defenses interposed is that defendant did not commit the crime, evidence tending to establish a motive on the part of the defendant to commit the crime is properly admitted."

In People v. Grow, 16 Cal. App. 147, 116 Pac. 369, that court said:

"The motive with which a crime is committed is always material and a proper subject of inquiry. That it is established by proof of collateral matters prejudicial to defendant does not render the evidence incompetent." State v. Reed, 53 Kan. 767, 37 Pac. 174, 42 Am. St. Rep. 322.

In State v. Finch, 54 Or. 482, 103 Pac. 505, 506, that court said:

"Where the defendant's act in killing deceased arose from the persistence of deceased's prosecution of defendant, resulting in his suspension from practice as an attorney, the record showing the charges preferred by deceased as prosecutor for the State Bar Association against defendant, accusing him of drunkenness while trying a case in court, the issuance of checks on a bank where he had no funds, and of unlawfully affixing a notarial seal to certain pension papers, etc., was competent as evidence of motive, though it showed defendant was guilty of other offenses."

Proof having been made of conspiracy and other proof made that Brown, the codefendant, had a motive, the state then proved that the deceased sheriff had on the day of the homicide raided the premises of defendant, thereby also establishing a motive for the defendant to participate in the killing of the sheriff.

When one joins with others in a conspiracy to kill, he will not be permitted to disavow the motive that any of his coconspirators may have had for committing the crime. When he joins the conspiracy he adopts as his own all previous acts and declarations of his coconspirators and the motive or motives that influenced them to act are chargeable to him likewise if he aids them in the act. His willingness to act with them must of necessity be held an adoption by him of the moving causes of the crime.

This evidence was competent to show willingness on the part of each to join the others in the act, and tends to explain and throw light on the acts and conduct of each of these defendants on the afternoon and evening of the homicide.

This killing is one of the most diabolical crimes in the history of this state. Defendant and his conspirators were fortunate to escape the death penalty.

For the reasons stated and upon the authority of Brown v. State, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.