## THE PEOPLE v. WOOSTER.

DEMURRER to an indictment for perjury being sustained, the District Attorney took no exception, but moved for and obtained an order submitting the case to another grand jury. Subsequently, The People appeal from the order sustaining the demurrer: *Held*, that the failure to except and taking this order was an acquiescence in the judgment on demurrer, and a waiver of any right to appeal.

APPEAL from the Court of Sessions of San Francisco.

Indictment for perjury. Defendant demurred on the grounds, among others, that the indictment does not substantially conform to sections two hundred and thirty-seven and two hundred and thirty-eight of the Criminal Practice Act in certain particulars, naming them; and that the facts stated do not constitute a public offense. Demurrer sustained, no exception being taken by the District Attorney. Further facts appear in the opinion.

*Thomas H. Williams, Attorney General*, for Appellant.

*Shattuck*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Upon sustaining the demurrer to the indictment in this case, the District Attorney took no exception; but moved for and obtained an order submitting the case to another grand jury. The People now appeal from this order sustaining the demurrer. We think, under the circumstances, the appeal should be dismissed. A contrary practice would lead to oppression and confusion. The failure to except and taking the order must be considered an acquiescence in the judgment and a waiver of a right of appeal. If the grand jury had found a new bill on the resubmission, no appeal would lie, of course, from any disposition of the demurrer to the first bill; and the resubmission of the matter is not less decisive of the intent to abandon the first indictment, and to hold as final the judgment on the demurrer.

Appeal dismissed.