## IN RE GREEN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF VIRGINIA.

No. 1117. Submitted January 21, 1890. — Decided March 24, 1890.

The courts of a State have jurisdiction of an indictment for illegal voting for electors of President and Vice President of the United States; and a person sentenced by a state court to imprisonment upon such an indictment cannot be discharged by writ of *habeas corpus*, although the indictment and sentence include illegal voting for a representative in Congress.

THIS was a writ of *habeas corpus*, granted upon the petition of Charles Green, by the Circuit Court of the United States, to the sergeant and jailer of the city of Manchester in the State of Virginia, who justified his detention of the prisoner under a judgment of the hustings or corporation court of the city, sentencing him to be imprisoned in the city jail for five weeks and to pay a fine of five dollars, upon his conviction by a jury on an indictment charging him with unlawfully, knowingly, corruptly, and with unlawful intent, voting at an election held in that city for a representative in Congress and for electors of President and Vice President of the United States on November 6, 1888, being disqualified by a previous conviction for petty larceny.

By the Code of Virginia of 1887, general elections are held throughout the State on the fourth Tuesday in May, and on the first Tuesday after the first Monday in November, in each year, for all officers required by law to be chosen at such elections respectively; § 109; persons convicted of bribery at an election, embezzlement of public funds, treason, felony or petty larceny, are disqualified to vote; § 62; elections are by ballot containing the names of all persons intended to be

voted for and designating the office of each; § 122; members of the House of Representatives of the United States are chosen by the qualified voters of the respective congressional districts at the general election in November, 1888, and in every second year thereafter; § 52; electors for President and Vice President of the United States are chosen by the qualified voters of the State at the election held on the first Tuesday after the first Monday in November, 1888, and on the corresponding day in each fourth year thereafter, or at such other time as may be appointed by Congress; §§ 54, 55; and any person, who shall knowingly vote in any election district in which he does not reside and is registered, or vote more than once at the same election, "or, not being a qualified elector, vote at any election with an unlawful intent," shall be punished by imprisonment in jail not exceeding one year, and by fine not exceeding $1000. § 3851.

The Circuit Court was of opinion " that the United States courts for this district have sole and exclusive jurisdiction to hear and determine the matters and things alleged in the bill of indictment found in the said hustings court of Manchester, upon the ground that the acts of Congress in such case made and provided (Rev. Stat. §§ 5511, 5514,) have defined the offence charged in the said indictment and prescribed the penalty therefor, and that the United States courts have sole and exclusive jurisdiction thereof, and that the said hustings or corporation court of Manchester had no jurisdiction of the matters and things charged in the said indictment against the said Charles Green;" and therefore adjudged that the prisoner be discharged. The respondent appealed to this court.

*Mr. J. Randolph Tucker* and *Mr. R. A. Ayers,* Attorney General of the State of Virginia, for appellant.

No appearance for appellee.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

In this case, as in *Loney's case,* just decided, (*ante,* 372,) the question presented is whether the courts of the State of Virginia

had jurisdiction of the charge against the prisoner. But that is the only respect in which the two cases have any resemblance.

By the Constitution of the United States, the electors for President and Vice President in each State are appointed by the State in such manner as its legislature may direct; their number is equal to the whole number of senators and representatives to which the State is entitled in Congress; no senator or representative, or person holding an office of trust or profit under the United States, shall be appointed an elector; and the electors meet and vote within the State, and thence certify and transmit their votes to the seat of government of the United States. The only rights and duties, expressly vested by the Constitution in the national government, with regard to the appointment or the votes of presidential electors, are by those provisions which authorize Congress to determine the time of choosing the electors and the day on which they shall give their votes, and which direct that the certificates of their votes shall be opened by the president of the Senate in the presence of the two houses of Congress, and the votes shall then be counted. Constitution, art. 2, sect. 1; Amendments, art. 12.

The sole function of the presidential electors is to cast, certify and transmit the vote of the State for President and Vice President of the nation. Although the electors are appointed and act under and pursuant to the Constitution of the United States, they are no more officers or agents of the United States than are the members of the state legislatures when acting as electors of federal senators, or the people of the States when acting as electors of representatives in Congress. Constitution, art. 1, sects. 2, 3.

In accord with the provisions of the Constitution, Congress has determined the time as of which the number of electors shall be ascertained, and the days on which they shall be appointed and shall meet and vote in the States, and on which their votes shall be counted in Congress; has provided for the filling by each State, in such manner as its legislature may prescribe, of vacancies in its college of electors; and has regulated the manner of certifying and transmitting their votes to

the seat of the national government, and the course of proceeding in their opening and counting them. Rev. Stat. §§ 131–143; Acts of February 3, 1887, c. 90, 24 Stat. 373; October 19, 1888, c. 1216, 25 Stat. 613.

Congress has never undertaken to interfere with the manner of appointing electors, or, where (according to the now general usage) the mode of appointment prescribed by the law of the State is election by the people, to regulate the conduct of such election, or to punish any fraud in voting for electors; but has left these matters to the control of the States.

Sections 5511 and 5514 of the Revised Statutes, referred to in the order of the Circuit Court, were, as observed by this Court in *Coy's Case*, 127 U. S. 731, 751, made for the security and protection of elections held for representatives or delegates in Congress; and do not impair or restrict the power of the State to punish fraudulent voting in the choice of its electors.

The question whether the State has concurrent power with the United States to punish fraudulent voting for representatives in Congress is not presented by the record before us. It may be that it has. *Ex parte Siebold*, 100 U. S. 371. But even if the State has no such power in regard to votes for representatives in Congress, it clearly has such power in regard to votes for presidential electors, unaffected by anything in the Constitution and laws of the United States; and the including, in one indictment and sentence, of illegal voting both for a representative in Congress and for presidential electors, does not go to the jurisdiction of the state court, but is, at the worst, mere error, which cannot be inquired into by writ of *habeas corpus*. *Ex parte Crouch*, 112 U. S. 178; *In re Coy*, 127 U. S. 756–759.

*Judgment reversed, and case remanded for further proceedings in conformity with this opinion.*