107   477
110   374

107 477
138 149

[No. Crim. 14.   In Bank.—June 22, 1895.]

## THE PEOPLE ETC., APPELLANT, v. GEORGE LEE, DEFENDANT.

CRIMINAL LAW—DEMURRER TO INDICTMENT—SUBMISSION OF CASE TO ANOTHER GRAND JURY— APPEAL BY PEOPLE—DISMISSAL. — The people have a right to appeal from an order sustaining a demurrer to an indictment where the order is excepted to; and the fact that the court of its own motion or volition directed a submission of the case to another grand jury cannot affect the right of appeal, and a motion to dismiss such appeal upon the ground that the court directed such submission will be denied.

ID.—OFFENSE AGAINST ELECTION LAWS—SUFFICIENCY OF INDICTMENT.—An indictment charging a defendant with willfully, unlawfully, and feloniously interfering with election officers of a precinct, who were conducting the canvass of the lawful votes cast in said precinct, by willfully and unlawfully acting as a clerk in tallying the votes, and willfully preventing the canvass of the votes from being fairly had and lawfully conducted, sufficiently states an offense, under section 23 of the act of 1893, to promote the purity of elections.

ID.—PLEADING—FOLLOWING LANGUAGE OF STATUTE—AVERMENT OF SPECIFIC ACTS.—While many offenses may be charged in the strict language of the statute, yet a defendant is entitled to be apprised with reasonable certainty of the nature and particulars of the crime charged against him; and, where the statute enumerates separate and distinct acts, the commission of each or any of which constitutes the crime contemplated by the statute, the pleading must charge the commission of the particular act or acts upon which the crime is based, and it is for the court to say whether or not the act charged comes within either of the classes enumerated in the statute.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Attorney General W. F. Fitzgerald,* and *District Attorney William S. Barnes,* for Appellant.

*Carroll Cook,* for Respondent.

HENSHAW, J.—Appeal by the people from the order sustaining a demurrer to the indictment, and directing the submission of the cause to another grand jury.

A motion to dismiss the appeal is made by the respondent, and this motion first invites consideration.

Respondent contends that, the court having directed the submission of the matter to another grand jury, in the belief that the defect found in the indictment was curable (Pen. Code, sec. 1008), the right of the people to appeal is thereby cut off. The authority relied upon is the case of *People* v. *Wooster,* 16 Cal. 435. But the case of the *People* v. *Wooster, supra,* is radically dissimilar from the case at bar, as will become patent when it is noted that in the former case the district attorney took no exception to the ruling of the court sustaining the demurrer, while in the case at bar he did. (Pen. Code, sec. 1172.) In the Wooster case the district attorney moved for and obtained an order submitting the cause to another grand jury; in the present case he asked for no such order, and excepted to the one made by the court of its own motion. In *People* v. *Wooster, supra,* the court said: "The failure to except and the taking of the order must be considered an acquiescence in the judgment and a waiver of a right of appeal." The circumstances above set forth clearly indicate in this case the absence of waiver and the inapplicability of the decision.

But, aside from this, we hold that the right of the people to appeal cannot be lost by an order of the court made of its own volition directing a submission to another grand jury. The right of appeal is guaranteed to the people by section 1238 of the Penal Code, and it is an important right. Where the district attorney

admits the defect in his pleading he will avail himself
of the opportunity offered by the order for resubmission
and decline to appeal.   But in those cases where he is
satisfied with the form of the indictment, or where the
facts will not permit another and different one to be
framed, he has the right, representing the people, to
stand upon its sufficiency and have the matter deter-
mined by the appellate court.   If, by its order to submit
the cause anew, the trial court could deprive him of this
right, it must result that he would be compelled to come
again into court with the same form of indictment,
which would again be overthrown, to the end that the
defendant would never be tried, and the people, with the
right of appeal secured to them, would never be per-
mitted to have this court pass upon a pleading which
was believed to be legally sufficient.

The motion to dismiss is therefore denied.

The indictment is founded upon section 23 of the
"Act to promote the purity of elections," etc.   (Stats.
1893, p. 24.)   The section declares that: "Every per-
son who carries away or destroys, or attempts to carry
away or destroy, any poll list, or ballots or ballot-box
for the purpose of breaking up or invalidating such elec-
tion, or willfully detains, mutilates, or destroys any elec-
tion returns, or in any manner so interferes with the
officers holding such election, or conducting such can-
vass, or with the voters lawfully exercising their rights
of voting at such election, as to prevent such election or
canvass from being fairly had and lawfully conducted,
is punishable," etc.

After the usual jurisdictional and necessary averments
the indictment charged: "That after said election had
been had in said precinct, and while the votes were
being counted and canvassed therein, one George Lee
willfully, unlawfully, and feloniously interfered with the
regular election officers of said precinct, then and there
conducting the canvassing of the lawful votes cast in
said precinct, by then and there willfully and unlaw-
fully acting as a clerk in tallying the said votes cast in

said precinct, he, the said George Lee, not then and there being an officer nor clerk of the election board of said precinct, either appointed or qualified, as provided by law, and then and there willfully prevented the canvass of the said vote in said precinct from being fairly had and lawfully conducted, contrary to the form, force, and effect of the statute," etc.

Defendant demurred upon the grounds that the facts charged did not constitute a public offense, and also, under subdivision 2 of section 1004 of the Penal Code, a demurrer in effect for insufficiency and uncertainty.

By appellant it is claimed that the language "then and there willfully prevented," etc., charges the defendant in the terms of the statute, and makes the indictment sufficient; that what precedes it may be treated as surplusage and ignored. But this solution, while lacking nothing of ease, fails of complete satisfactoriness.

Criminal proceedings, it is true, have been much simplified by the codes, and many offenses may now be charged in the strict language of the statute. Nevertheless, there are certain fundamental principles which have neither been abrogated nor modified. A defendant is still entitled to be apprised with reasonable certainty of the nature and particulars of the crime charged against him, that he may prepare his defense, and, upon acquittal or conviction, plead his jeopardy against further prosecution. Where, as under some of our statutes, several separate, different, and distinct acts are enumerated, the commission of each or any of which constitutes the crime, it is not sufficient to charge the defendant with being guilty of the crime without further charging the commission of the particular act or acts upon which the crime is based. A person, for example, charged with vagrancy is of right entitled to know whether he is called upon to meet the charge as being a common drunkard, or as being a dissolute associate of known thieves, or as being a healthy beggar, in short, as belonging to what class, or as having habitually committed what act to lay him liable as a "vagrom man."

So here the statute enumerates different acts, each one constituting a specific offense, though the same crime, and the defendant, to make his defense, is entitled to know what wrong it is charged he has done. Thus the averment of the specific act here set forth becomes material and is not surplusage.

But is it legally sufficient? In other words, is the act which it is charged defendant committed in violation of the statute? It will be noted that it is not one of those specially described as forbidden, nor is it an act made criminal by any other statute, so that, if it be a crime, it becomes such under this statute itself, because it is an act which in some manner interferes with the officers so " as to prevent such election or canvass from being fairly had and lawfully conducted."

The circumstance that the act complained of is not one of those named and prohibited does not render its commission less a crime if it belongs to the class or kind of acts made penal by the statute. While all crimes in this state are statutory, it is still within the power of the legislature to embrace all acts of the same general character in one class, and to punish the performance of any of them, without more specific designation, as a crime. Indeed, as to some offenses, description, except in general terms, is impracticable if not impossible, and the legislature has exercised its undoubted power by grouping them in classes. Thus the man who operates a powder-mill in a populous city maintains a public nuisance, as does he who so places electric wires as to endanger life or property, but it would tax the acumen of the wisest body of lawmakers to describe with particularity every act the doing of which in our complicated civilization would constitute a nuisance. And the legislature has not attempted to do so, but by general language has declared that *anything* which is injurious to health, indecent, or offensive to the senses, or an obstruction to the free use of property, etc., is a public nuisance. (Pen. Code, sec. 370.)

So here, it would be impossible to enumerate the many ways and means which the ingenuity of men might devise to defeat the orderly or lawful conduct of an election; and, without undertaking the task, the legislature has seen fit to make offenses of them all. It is merely for the court to say whether or not the act charged, like the act charged to constitute a nuisance, comes within the class.

Of the sufficiency of the act complained of in the case at bar we entertain no doubt. The law guarantees not only the orderly, but the *legal,* conduct of elections. An election legally conducted is carried on by officers duly appointed and under oath for the proper performance of their duties. One who willfully and feloniously usurps the functions of an election officer, whether he does so by force or guile, is in either case interfering with the legal conduct of that election, and is amenable to the law for his conduct.

The judgment is reversed, with directions to the court to overrule defendant's demurrer.

VAN FLEET, J., GAROUTTE, J., McFARLAND, J., and BEATTY, C. J., concurred.