JOHN E. HALLWAY, Appellee, v. W. W. BYERS, Justice of the Peace, et al., Appellants.

APRIL 3, 1928.

*Carl S. Missildine,* County Attorney, and *Alexander M. Miller,* Assistant County Attorney, for appellants.

*John L. Sloane, H. H. Craney,* and *J. Stuart Bauch,* for appellee.

DE GRAFF, J.—The imprisonment of the plaintiff finds its basis in a mittimus issued by the defendant justice of the

peace, directed to the defendant Wise, jailer of Polk County, commanding him to receive Hallway "into custody and detain him in the jail of the county until he be legally discharged by due course of law."

The competent record facts disclose that an information was filed before W. W. Byers, justice of the peace in and for Bloomfield Township, Polk County, Iowa, accusing Hallway of the crime of uttering and drawing a false check, as defined by Section 13047, Code of 1924. Hallway was arrested, tried before said justice, found guilty, and sentenced to pay a fine of $50 and costs, and, on default of payment of said fine, to be committed to the county jail for 15 days. Hallway, as defendant in said criminal prosecution, gave notice of appeal to the district court. The appeal bond was fixed at $500. Upon the default of the defendant to furnish said bond, he was, on May 20, 1927, committed to jail. On June 2, 1927, Hallway filed his verified petition with the clerk of the district court at Des Moines, Iowa, praying that a writ of habeas corpus issue.

Illegal restraint, as alleged in said petition, is, in substance, that the testimony and documentary evidence produced in open court on behalf of the State at the trial before the justice of the peace conclusively showed that the check which petitioner was charged with issuing falsely was, on its face, a postdated check, given not for value received, and further, that the said petitioner has not been adjudged guilty of any crime for which he should be detained.

At the outset, we inquire: First, does the act charged in the information filed against Hallway constitute a public offense? Second, did the justice of the peace have jurisdiction to try and punish the offense charged in said information? If both of these questions are answered in the affirmative, there must be a reversal of the judgment entered. No constitutional question is involved.

There can be no question that the filed information in the instant case did charge a public offense, which, under the statute, constituted a non-indictable misdemeanor. The defendant was charged with uttering and drawing a false check in the sum of $19.90 on the Bankers Trust Company of Des Moines, Iowa, payable to the order of C. B. Castle, in payment of house rent. "Said check,

being run through the bank in the usual manner, was returned, marked 'no account.' '' The information was not attacked in any manner. The defendant, upon a plea of not guilty, was tried, and found guilty. The statute (then in force) provides that any person who shall make, utter, or give any check or written order upon any bank, and who secures credit or thing of value therefor, and who knowingly shall not have an arrangement, understanding, or funds with such bank sufficient to meet or pay the same, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not to exceed $100, or by imprisonment in the county jail not to exceed 30 days. Section 13047, Code of 1924.

The appellee contends that it was the province and function of the district court to review the evidence, to determine its sufficiency to sustain the sentence and judgment entered. This

proposition finds no support in the statute, or under the well settled rule of judicial decision. The district court, upon the trial of this cause, ruled that the right to review the evidence upon which the justice based his decision was present, and in conformity thereto, received in evidence the testimony and certain documentary evidence introduced upon the trial of Hallway before the justice. The trial court predicated its ruling upon Section 12502, Code of 1924, which reads as follows:

"The reply [in habeas corpus] may deny the sufficiency of the testimony to justify the action of the committing magistrate, on the trial of which issue all written testimony before such magistrate may be given in evidence before the court or judge, in connection with any other testimony which may then be produced."

The trouble with the application of this statute to the instant case is that it does not apply. The quoted provision has to do with cases in which habeas corpus is commenced to test the authority of a magistrate in binding a person to the grand jury. This necessarily has reference to a preliminary hearing before said magistrate. See *Cowell v. Patterson,* 49 Iowa 514; *State ex rel. Hart v. Rosencrans,* 65 Iowa 382; *Balz v. Coquillette,* 173 Iowa 432.

In the instant case, we are dealing with a judgment entered by a court of competent jurisdiction, with the right of

appeal preserved ·to the defendant by express statutory provision. Section 13604, Code of 1924. An appeal from a conviction by a justice of the peace is governed specifically by the statute. Section 13604 reads as follows:

"The cause shall stand for trial anew in the district court in the same manner that it should have been tried before the justice,.and as nearly as practicable as an issue of fact upon an indictment, without regard to technical errors or defects which have not prejudiced the substantial rights of either party; and the court has full power over the case, the justice of the peace, his docket entries, and his return, to administer the justice of the case according to the law, and shall give judgment accordingly."

Habeas corpus cannot perform the function of an appeal, nor does it lie to question the sufficiency of an indictment or information unless the act charged does not constitute an offense, by reason of the unconstitutionality of the statute declaring it to ·be an offense, or where there is a total failure to allege any offense known to the law. *Furey v. Hollowell,* 203 Iowa 376; 29 Corpus Juris 41, Section 34.

By the terms of our statute, it is not permissible to question by habeas corpus the correctness of the action of the trial jury in the trial of a cause, nor of a court or judge when lawfully acting within the scope of their authority. Section 12503, Code of 1924.

It is obvious that the appellant should have prosecuted his appeal from the judgment entered against him in the justice of the peace court. Neither the trial court, upon the hearing of a habeas corpus proceeding, nor this court, is concerned with the facts relating to the commission of the crime charged. *Furey v. Hollowell,* supra.

With respect to the jurisdiction of the justice of the peace in criminal cases, the definition and limitation are found in the Constitution of the state of Iowa and the statute, the latter being merely declaratory of the jurisdiction and limitation created by the Constitution. Constitution of Iowa, Article I, Section 11; Section 13557, Code of 1924. The fundamental law of Iowa confers jurisdiction on a justice of the peace as to all offenses less than felony, and in which the punishment does not exceed a fine of $100 or imprisonment for 30 days;

and such offenses are tried summarily on information under oath, without indictment or the intervention of a grand jury.

We therefore conclude that the defendant justice of the peace had jurisdiction to impose the sentence which was imposed on the instant petitioner, and that the information did charge a violation of the penal law of the state of Iowa. These are the controlling propositions. With the sufficiency of the evidence to sustain the sentence imposed by the justice of the peace the trial court should not have been concerned in this cause. The writ should have been denied. Wherefore, the judgment entered is—*Reversed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.