[Crim. No. 1102.   Third Appellate District.—November 19, 1929.]

In the Matter of the Application of H. P. BROWN for a Writ of Habeas Corpus.

Inman & West and Morgan J. Doyle for Petitioner.

L. B. Donley, Frank R. Devlin and Philip H. Angell for Respondent.

FINCH, P. J.—The petitioner has applied for a writ of *habeas corpus* on the ground that he is illegally restrained of his liberty under an executive warrant issued ·by the Governor of this state, after a hearing, upon the demand of

the Governor of the state of Washington for the extradition of the petitioner, who was indicted by the grand jury of the county of Grays Harbor, Washington, on five counts, in each of which it is charged in substance:

That the petitioner did "wilfully, knowingly, maliciously, fraudulently, feloniously and unlawfully make, subscribe, exhibit to and file with Hayes & Hayes, Inc., bankers, a banking corporation duly organized and existing pursuant to the laws of the state of Washington as a state bank," a false financial statement of assets and liabilities, "with the intent to deceive the examiner or examiners or other person or persons who were authorized by law to examine into the affairs of said banking corporation."

The alleged false financial statement referred to in the first count purported to set forth the assets and liabilities of the petitioner and those in the other counts the assets and liabilities respectively of four different corporations. Section 56 of the Washington Bank Act reads as follows:

"Every person who shall knowingly subscribe to or make or cause to be made any false statement or false entry in the books of any bank or trust company or shall knowingly subscribe to or exhibit any false or fictitious paper or security, instrument or paper, with the intent to deceive any person authorized to examine into the affairs of any bank or trust company or shall make, state or publish any false statement of the amount of the assets or liabilities of any bank or trust company shall be guilty of a felony." (Laws 1917, p. 299.)

Petitioner contends that the indictment fails to state a public offense, that the section quoted applies only to "the officers, agents, employees and banking personnel of banks," and that the indictment does not allege that the petitioner is an officer, agent or employee.

"On *habeas corpus* the inquiry into the sufficiency of an indictment is limited. We think the true rule is that where an indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus*." (*Matter of Ruef*, 150 Cal. 665, 666 [89 Pac. 605]; *Ex parte Cordish*, 94 Cal. App. 680 [271 Pac. 784].)

"By the laws of Pennsylvania, every indictment is to be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the Act of Assembly prohibiting its commission and prescribing the punishment therefor. . . . That Commonwealth has the right to establish the forms of pleadings and process to be observed in her own courts, . . . subject only to those provisions of the Constitution of the United States involving the protection of life, liberty and property in all the states of the Union." (*Ex parte Reggel*, 114 U. S. 642 [29 L. Ed. 250, 5 Sup. Ct. Rep. 1148, 1153, see, also, Rose's U. S. Notes].)

"In extradition proceedings, . . . the purpose of the writ (of *habeas corpus*) is not to substitute the judgment of another tribunal upon the facts or the law of the matter to be tried. . . . And even if it be true that the argument stated offers a nice question, it is a question as to the law of New York which the New York courts must decide. . . . When, as here, . . . the indictment by a grand jury for what it and the governor of New York allege to be a crime in that state, and the reasonable possibility that it may be such, all appear, the constitutionally required surrender is not to be interfered with by the summary process of *habeas corpus* upon speculations as to what ought to be the result of a trial in the place where the Constitution provides for its taking place." (*Drew* v. *Thaw*, 235 U. S. 432 [59 L. Ed. 302, 35 Sup. Ct. Rep. 137, 138]; *Biddinger* v. *Commissioner of Police*, 245 U. S. 128 [62 L. Ed. 193, 38 Sup. Ct. Rep. 41, see, also, Rose's U. S. Notes Supp.].)

Testing the indictment by the foregoing rules, it cannot be held, in this proceeding, that it does not substantially charge a public offense. The act of the cashier of a bank in keeping on file a false statement of the kind alleged in the indictment, with the intent to deceive a bank examiner, would doubtless constitute a violation of section 56 of the Washington Bank Act. If a customer of the bank, knowing the purpose of the cashier, should make and file with the bank such a false financial statement, even though he might be termed an accessory before the fact, would be liable to indictment, trial and punishment as a principal. (Remington's Compiled Statutes of Washington, sec. 2007.) It cannot be said that there is not a "rea-

sonable possibility" that the indictment may be held sufficient to warrant a conviction upon proof of facts of the kind stated.

Whether the making and filing of a false financial statement with the officers of a bank, with intent to deceive a bank examiner, where such officers in good faith believe the statement to be true, is a violation of section 56, appears never to have been decided by the Washington courts. There is at least a "reasonable possibility" that such acts by a customer of a bank, for the purpose of establishing or maintaining his credit, may be held to be a violation of that section. ■ It is true that the indictment does not allege that the petitioner was a customer of the bank at the time of the alleged acts or that he made and filed the alleged false statement for the purpose of establishing or maintaining his credit, but this defect, if it is a defect, is one of uncertainty only, which cannot be considered in this proceeding. The courts of Washington, in common with those of many other states, have held that it is sufficient generally to charge an offense defined in a statute in the language of the statute. The charge in the indictment follows the language of the statute and, for the purposes of this summary proceeding, it is deemed sufficient.

The writ is discharged and the petitioner is remanded to the custody of respondent, W. A. Hamm, sheriff of Grays Harbor County, Washington.

Thompson (R. L.), J., concurred.