[Crim. No. 1649. First Appellate District, Division Two.—April 19, 1932.]

In the Matter of the Application of TOM WONG for a Writ of Habeas Corpus.

McGettigan, Toland & Baumgarten for Petitioner.

Leo A. Cunningham for Respondent.

STURTEVANT, J.—A purported complaint was filed in the Municipal Court of San Francisco against the petitioner; he was arrested and brought before the court; a trial was had and he was found guilty and sentenced to serve a term in the county jail. Later he applied to the superior court for a writ of *habeas corpus* and the writ was denied. Being dissatisfied he has applied to this court for a writ. The sheriff has made a return setting up a copy of the judgment of conviction as being his authority for holding the petitioner in his custody. By the stipulation of the parties the return is allowed to stand as a traverse to the petition of the petitioner.

The petitioner claims (1) the complaint against him fails to state a cause of action; (2) that the judgment is void; and (3) that the process under which he is imprisoned is defective in a matter of substance.

■ The first part of the complaint is as follows: "Personally appears before me this 9th day of December A. D. 1931, J. P. O'Connor, who, on oath, makes complaint and deposes and says, that ·on the 8th day of December A. D. 1931, and from said —— day of —— A. D. 193—, up to and on the —— day of —— A. D. 193—, in the city and county of San Francisco, state of California, the crime of misdemeanor, towit: vagrancy, was committed, towit: by Tom Wong who then and there, and from said —— day of —— A. D. 193—, not being a California Indian, without visible means of living, and having the physical ability to work, did not seek employment nor labor when employment was offered him. . . . " Paraphrased the foregoing passage has the same meaning as though it were worded as follows: "Personally appears before me this 9th day of December, A. D. 1931, J. P. O'Connor, who, on oath, makes complaint and deposes and says, that on the 8th day of December, A. D. 1931, and from a date not stated up to and on a date not stated, in the city and county of San Francisco, state of California, the crime of misdemeanor, to-wit: the act of being a vagrant, was committed, to-wit: by Tom Wong who then and there, and from said date not stated up to and on a date not stated, not being a California Indian, without visible means of living, and having the physical

ability to work, did not seek employment nor labor when employment was offered him. . . . '' It will be conceded at once that the complaint was quite ambiguous, nevertheless we think it must be conceded that the complaint purported at least to state a public offense. Section 647 of the Penal Code is in part as follows: ''Every person (except a California Indian) without visible means of living who has the physical ability to work, and who does not seek employment, nor labor when employment is offered him . . . is a vagrant and is punishable . . . '' etc. Comparing the pleading with the statute we think it is very clear that the pleading purported to plead the offense defined in the statute. That being so, on an application for a writ of *habeas corpus*, the petitioner is not entitled to a discharge. (*In re Edwards,* 208 Cal. 725, 734 [284 Pac. 916] ; *In re Brown,* 102 Cal. App. 97, 98 [282 Pac. 538], and cases cited.) As this proceeding is an attack on the judgment of a municipal court, the rule in those cases is applicable. (*In re Rissman,* 87 Cal. App. 176 [261 Pac. 727].) The petitioner argues that the statute, Penal Code, section 647, defines a continuing offense and it is essential that the information contain a *continuendo* or it should allege that on a day certain and for some space of time previous thereto the defendant committed the acts or conduct charged. Conceding such to be the rule, we are unable to say that such allegations are not present. Although defectively pleaded, they are not wholly wanting. The petitioner quotes from *People* v. *Lee,* 107 Cal. 477, at page 480 [40 Pac. 754] : ''A person, for example, charged with vagrancy is of right entitled to know whether he is called upon to meet the charge as being a common drunkard, or as being a dissolute associate of known thieves, or as being a healthy beggar, in short, as belonging to what class, or as having habitually committed what act to lay him liable as a 'vagrom man'.'' That is sound doctrine, but it is not pertinent. The complaint in the instant case charged the petitioner under nearly every one of the twelve subdivisions of section 647.

The judgment recites that, ''Whereas Tom Wong having been duly convicted in the municipal court of the city and county of San Francisco, state of California, department ten, of the crime of misdemeanor, towit vagrancy as charged in the complaint, . . . '' Counsel stress the fact

that we have no statute defining "vagrancy". That is true; however, we have a statute defining "vagrants". Turning to the dictionary, vagrancy is the state of being a vagrant. Freely admitting that the judgment was not perfect, we think it must . likewise be admitted that it was not void. *Ex parte Thomas,* 103 Cal. 498 [37 Pac. 514], contains nothing to the contrary.

The writ is discharged and the prisoner is remanded.

Nourse, P. J., and Spence, J., concurred.