# Department of Public Welfare et al. v. Polsgrove, County Judge.

(Decided Oct. 3, 1933.)

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellants.

B. T. QUINN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Awarding writ of prohibition.

This is an application by the members of the department of public welfare of Kentucky and the superintendent of the state reformatory, at Frankfort, for a writ of prohibition to prevent the judge of the Franklin county court from discharging, on habeas corpus, Carl Gray, who is confined in the reformatory under an indictment, trial, judgment, and sentence of the Nelson circuit court.

At the February term, 1932, Gray, Humphrey Lynch, Fred Withers, Daniel Pershing (alias Daniel O'Brien), Robert Davenport, and W. S. Robinson were jointly indicted, accused of "the crime of unlawfully and feloniously entering into a conspiracy with each other to commit the crime of robbery committed, in manner and form as follows, to-wit:

"That they 'did unlawfully, willfully and feloniously enter into a conspiracy with each other, and each with the other to rob the People's Bank of New Hope, Ky., a Bank, doing a banking business at New Hope, Ky., and while said conspiracy was in existence and in pursuance of same and in fur-

therance of the execution of same, did band them-
selves together and go forth armed and acting in
concert with each other, aiding, abetting and assist-
ing each in pursuance of said conspiracy and did
with force and arms and violence put in fear of
bodily harm and in fear of his life, one Tom Miller,
the said Tom Miller being the Cashier of the said
People's Bank of New Hope and in actual charge
and in legal custody of the money of said bank,
and did rob from him, with force and arms, against
his will and consent the sum of eleven hundred and
eighty dollars lawful money, legal tender of the
United States, in currency and silver * * * with
the felonious and fraudulent intention of convert-
ing same to their own use and permanent benefit,
and permanently depriving the said bank of its
property therein. * * *, ''

Gray, without demurring to the indictment, entered
a plea of guilty, and on submission of the prosecution
as to him, a jury, acting under a peremptory instruc-
tion, returned a verdict fixing his punishment at six
years in the penitentiary. He was formally sentenced,
and, under a proper order, committed to the reforma-
tory at Frankfort, where he has since been confined.
Humphrey Lynch, a codefendant of Gray, entered a
demurrer to the indictment. It was overruled, and the
prosecution, with the intervention of a jury, proceeded
to trial as to him, resulting in a judgment of conviction.
He prosecuted an appeal to this court. We determined
that the indictment was defective in that it charged
a conspiracy to commit robbery in the accusatory
part, and a conspiracy to commit bank robbery in the
descriptive portion. The judgment of conviction of
Lynch was reversed, with directions to award him a
new trial.

Gray filed a petition for a writ of habeas corpus
before the county judge of Franklin county, and to pro-
hibit him from granting it, and discharging Gray, this
proceeding for a writ of prohibition was instituted.

It is very clear that the indictment attacked by
the petition for a writ of habeas corpus states a public
offense cognizable by the law, though stated defectively,
and, for this reason, demurrable. The insufficiency of
the indictment was properly raised by Lynch in the
circuit court, and also in this court, in the manner pre-

scribed by law. To avail himself of the defect or the insufficiency of the indictment, the exclusive remedy of Gray was a demurrer in the circuit court, and, in case of an adverse ruling thereon, an appeal to this court. Baldridge v. Com., 88 S. W. 1076, 28 Ky. Law Rep. 33; Cheek v. Com., 162 Ky. 56, 171 S. W. 998; Daniels v. Com., 181 Ky. 365, 205 S. W. 968; Hawks v. Com., 197 Ky. 196, 246 S. W. 116; Rogers v. Com., 188 Ky. 817, 224 S. W. 348; Bailey v. Com., 198 Ky. 629, 244 S..W. 779. A contrary rule obtains where the indictment fails to charge an offense known to the law. Morgan v. Com., 202 Ky. 211, 259 S. W. 46; Pierce v. Com., 210 Ky. 465, 276 S. W. 135; English v. Com., 216 Ky. 608, 288 S. W. 320.

The indictment having charged Gray with a public offense, cognizable by the law, and the circuit court admittedly having jurisdiction of the offense and of the person of Gray, he is not now entitled by a habeas corpus to inquire into the sufficiency of the indictment and present technical defects, and thus procure his discharge under the judgment of conviction. Cooley on Constitutional Limitations (4th Ed.) page 424, aptly states the universal rule controlling the courts when determining the right of one convicted under a judgment of a court to a discharge by a habeas corpus. He states:

"Where the party is confined under judicial process, is brought up on habeas corpus, the court or judge before whom it is returned will inquire, (1) whether the court or officer issuing the process, under which he is detained, had jurisdiction on issuing such process. If so, mere irregularities or errors of judgment in the exercise of the jurisdiction, must be disregarded on this writ, and must be corrected either by the court issuing the process or in regular appellate proceedings."

Mr. Cooley's statement is univerally accepted as the correct one. It has been approved and followed by the Supreme Court of the United States and the courts of the several states. See In re Coy, 127 U. S. 731, 8 S. Ct. 1263, 32 L. Ed. 274; Harlan v. McGourin, 218 U. S. 442, 31 S. Ct. 44, L. Ed. 1101, 21 Ann. Cas. 849; Ex parte Lennon, 166 U. S. 548, 17 S .Ct. 658, 41 L. Ed. 1110; Bessette v. W. B. Conkey Co., 194 U. S. 324, 24 S. Ct. 665, 48 L. Ed. 997; Fitzgerald v.

Green (In re Green), 134 U. S. 377, 10 S. Ct. 586, 33 L. Ed. 951; Glasgow v. Moyer, 225 U. S. 420, 32 S. Ct. 753, 56 L. Ed. 1147; In re Metzger, 5 How. 176, 12 L. Ed. 104; Ex parte Watkins, 3 Pet. 193, 7 L. Ed. 650; In re Swan, 150 U. S. 637, 14 S. Ct. 225, 37 L. Ed. 1207; Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; Henry v. Henkel, 235 U. S. 219, 35 S. Ct. 54, 59 L. Ed. 203; Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; Hallinger v. Davis, 146 U. S. 314, 13 S. Ct. 105, 36 L. Ed. 986; Ex parte Bigelow, 113 U. S. 328, 5 S. Ct. 542, 28 L. Ed. 1005; Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036; Ex parte Yarbrough, 110 U. S. 651, 4 S. Ct. 152, 28 L. Ed. 274; In re Clarke, 100 U. S. 399, 25 L. Ed. 715; Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070; In re Brown, 102 Cal. App. 97, 282 P. 538; Johnson v. State, 99 Fla. 1311, 128 So. 853; Smith v. Hollowell, 209 Iowa, 781, 229 N. W. 191; Ex parte Prock, 46 Okl. Cr. 239, 287 P. 1091; Ex parte Amos, 94 Fla. 1028, 114 So. 760; Hallway v. Byers, 205 Iowa, 936, 218 N. W. 905; Ex parte Stambaugh, 117 Cal. App. 659, 4 P. (2d) 270; Ex parte Lowe, 50 Idaho, 602, 298 P. 940; People ex rel. Rich v. Lackey, 139 Misc. 42, 248 N. Y. S. 561; D'Allessandro v. Tippins, 101 Fla. 1275, 133 So. 332; Godfree v. Peak, 58 App. D. C. 364, 30 F. (2d) 988; Ex parte King, 41 Okl. Cr. 241, 272 P. 389; Reffkin v. Boyce (Fla.) 139 So. 578. These cases, and many others that might be cited, lay down the rule that the question of the sufficiency or insufficiency or technical defect of the indictment or information, where a public offense is charged, cannot be determined on a habeas corpus proceeding, if it names an offense cognizable by law, and if the court had jurisdiction of the offense and of the person accused. Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036; Ex parte Yarbrough, supra; In re Clarke, supra; In re Coy, supra; Smith v. Hollowell, 209 Iowa, 781, 229 N. W. 191; State v. Rice, 159 Tenn. 473, 19 S. W. (2d) 227. Nor can errors of the trial court, overruling a motion or a demurrer of the accused, based on defects, or a failure to charge particular facts, in naming or describing the offense, named in the indictment, be inquired into on a habeas corpus, after he is imprisoned under a sentence imposed on a conviction under such indictment, if the indictment describes an offense. defined by either the statute or

common law. No error of law committed by the trial court can be reviewed on a writ of habeas corpus. Ex parte Yarbrough, 110 U. S. 651, 4 S. Ct. 152, 28 L. Ed. 274; Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070. The sole inquiry when determining the right of one confined under a judgment of conviction, on considering a writ of habeas corpus, is whether the indictment describes an offense of the class which the law recognizes and of which the court had jurisdiction. In re Coy, 127 U. S. 731, 8 S. Ct. 1263, 32 L. Ed. 274; Ex parte Prock, 46 Okl. Cr. 239, 287 P. 1091; Nelson v. Foley, 54 S. D. 382, 223 N. W. 323; Dukes v. State, 81 Fla. 247, 88 So. 474. If enough appears in the indictment to charge him with a crime within the jurisdiction of the court, it is sufficient to preclude his right to a habeas corpus. Hills v. Pierce, 113 Or. 386, 231 P. 652. All questions as to the sufficiency of the indictment, if it describes a public offense, are for the trial court subject to be corrected solely by an appeal. Goodman v. Daly, 201 Ind. 332, 165 N. E. 906; Ex parte Cassas, 112 Tex. Cr. R. 100, 13 S. W. (2d) 869; Ex parte Amos, 94 Fla. 1023, 114 So. 760; Hallway v. Byers, 205 Iowa, 936, 218 N. W. 905; People ex rel. Flinn v. Barr, 140 Misc. 422, 251 N. Y. S. 116. A habeas corpus proceeding is a collateral attack of the judgment under which the prisoner is confined, and will be granted only if the judgment is void. Scott v. Brown, 160 Ark. 489, 254 S. W. 1074.

That these principles entitled the commonwealth to a writ of prohibition herein is not doubtful. Therefore a writ is awarded, forbidding the judge of the Franklin county court granting a writ of habeas corpus and discharging Gray, and for proceedings consistent with this opinion.