### Hageman v. Kirkpatrick, Jailer.

Sept. 27, 1940.

C. L. Cropper, pro tem. Judge.

Harvey H. Smith for appellant.

Charles W. Riley, County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

On petition of the appellant filed in the Boone County Court, a writ of habeas corpus was issued directing the appellee, the jailer of Boone County, to have the appellant before the County Judge at a specified time. In response to the writ the appellee stated that on August 19, 1940, appellant was committed to his custody by the Boone Circuit Court under a judgment of the Boone Circuit Court imposing on appellant the punishment of thirty days in jail and a fine of $500 on a charge of unlawfully transporting whisky. On a trial in the county court the judgment of that court was that it had considered the petition filed for the writ of habeas corpus together with the pleadings and proof in the case of the Commonwealth against appellant in the Boone Circuit Court and that it appeared to the satisfaction of the court that the petitioner was in the legal custody of the jailer of Boone County and he was remanded to the jailer's custody. This appeal is prosecuted from the judgment of the county court denying appellant's discharge on the writ of habeas corpus.

On this appeal the record in the case of the Commonwealth against appellant in the Boone Circuit Court, by the judgment of which he was committed to jail, is not made a part of the record nor does it anywhere appear in the petition for the writ of habeas corpus with any degree of definiteness the exact nature of the charge on which appellant was tried in the Boone Circuit Court. From this petition and the jailer's response we gather only that he was tried and convicted in the Boone Circuit Court for some character of violation of the liquor laws. Therefore, as this record now appears before us, there is no showing that the judgment of the Boone Circuit Court committing appellant

to jail was void. On the contrary, we must assume at least that appellant was indicted in the Boone Circuit Court for an offense of which that court had jurisdiction.

In Dept. of Public Welfare v. Polsgrove, Judge, 250 Ky. 517, 63 S. W. (2d) 603, it was held that a habeas corpus proceeding, in determining the right of one confined under a judgment of conviction, is a collateral attack on the judgment of confinement and will be granted only if the judgment is void and that the sole inquiry in this character of proceeding is whether the indictment describes an offense of the class which the law recognizes and of which the court had jurisdiction. In the state of the record before us that case is conclusive against appellant's contention.

Judgment affirmed.