### Sexton v. Buchanan, Warden.
### Combs v. Same.
Jan. 19, 1943.

Vernon Faulkner for Sexton.

S. M. Ward and Zeb Stewart for Combs.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

These two appeals involve the same question and are disposed of in one opinion. Appellants, Burnett Sexton and McCoy Combs, jointly indicted for murder in the Perry circuit court, were convicted on separate trials and sentenced to death. Each appellant appealed and the judgments were affirmed, Combs v. Com., 292 Ky. 1, 165 S. W. (2d) 832, Sexton v. Com., 292 Ky. 18, 165 S. W. (2d) 829. Date of execution was by operation of law fixed for Friday, January 15, 1943.

Writs of habeas corpus were issued by the judge of the 36th Judicial District returnable before the Lyon county judge. Hearing was held by the latter on January 12 and the writs were discharged. Appeals were lodged in this court late on Thursday, January 14, within less than twelve hours of the time fixed for execution. Accompanying the appeals were motions for a temporary stay of the sentence of death.

Pursuant to section 429-1 of the Criminal Code of Practice, as added by Acts 1940, c. 93, the court proceeded to an immediate hearing of the appeals and, since the obvious purpose of the appeals was merely to secure a delay of the executions and since they were completely without merit, the judgments were affirmed on the same day. It was ordered that an opinion be later delivered and this opinion is in pursuance of that order.

On the hearing before the Lyon county judge the appellee, the warden of the Eddyville Penitentiary where appellants were confined, responded to the writs and exhibited as his authority for holding appellants the judgments of the Perry circuit court. The record before us shows that no evidence going to the merits of the cases was introduced but that by agreement the records filed in this court on the appeals from the judgments of the Perry circuit court, together with the opinions of this court on those appeals, were treated and considered as a part of the record. It was thereupon contended that the Perry circuit court judgments under

which appellee was holding the appellants were shown by the records to be void because of certain claimed irregularities in the impaneling of the juries in each of the cases although those claimed irregularities were considered by this court in the opinions above referred to and held not even to constitute error warranting reversal of the judgments. In short, although this court had considered the claimed irregularities in the formation of the juries and held that they did not even amount to reversible error, the Lyon county court was, in effect asked to hold that this court was in error and to go even further and adjudge that such claimed irregularities rendered the judgments void.

We say this was in effect the position taken by counsel for appellants because a habeas corpus proceeding is a collateral attack on a judgment and lies only where the judgment under which a prisoner is confined is void. Department of Public Welfare v. Polsgrove, 250 Ky. 517, 63 S. W. (2d) 603; Hageman v. Kirkpatrick, Jailer, 283 Ky. 798, 143 S. W. (2d) 506.

When appellee justified his detention of appellants by the judgments of the Perry circuit court, appellants could avoid the effect of the judgments only by establishing that they were void. This they wholly failed to do. Irregularities in the formation of the jury serve, at most, to render a judgment erroneous, not void. Thus, even though the claimed irregularities had not been considered by this court on the appeals from the Perry circuit court, they went merely to the correctness and not to the validity of the judgments and furnished no basis for relief by habeas corpus.

It is not to be wondered that men under sentence of death, as were these appellants, would grasp at any straw and make every effort to save or prolong their lives but the futility of the procedure adopted in their behalf is manifest. It was beyond the bounds of reasonable expectation to hope that a county judge would assume the responsibility of overruling a decision of this court and hold void judgments which this court had said were not even erroneous.

The Lyon county judge, in discharging the writs, correctly refused to permit himself to be used as a tool to interrupt the orderly administration of justice.

Affirmed.