## BIRCHAM v. COMMONWEALTH.

Court of Appeals of Kentucky.
Feb. 1, 1952.

Petition for Writ of Certiorari Dismissed March 10, 1952.

See 72 S.Ct. 630.

See also, Ky., 245 S.W.2d 934.

Robert W. Zollinger, Louisville, for appellant.

A. Scott Hamilton, Louisville, for appellee.

SIMS, Justice.

Earl D. Bircham was convicted of the murder of a police officer, John Tennyson, and his punishment fixed at death. See Bircham v. Commonwealth, Ky., 238 S.W. 2d 1008, where a full statement of the facts appears. Certiorari was denied by the United States Supreme Court, Bircham v. Commonwealth, 342 U.S. 805, 72 S.Ct. 55, after which the date of his execution was fixed for Jan. 18, 1952.

On Jan. 16, 1952, two days before the date set for his execution, Bircham filed his petition in the Jefferson Circuit Court, Criminal Branch, First Division (the court in which he was convicted), seeking a writ of coram nobis on the ground of newly discovered evidence. A general demurrer was sustained to the petition in a concise and well-reasoned opinion by Hon. Loraine Mix, the judge before whom Bircham was convicted. On the same day the record on appeal was filed in this court and the judgment was affirmed by an order which stated the opinion would follow in due time.

In substance the petition states that during his trial June Bircham, wife of appellant, was confined in the Jefferson County jail charged with being an accessory to the murder of Tennyson; that Bircham had a subpoena served upon her and the jailer but his counsel and the trial judge were informed by her attorney that "he would refuse to permit said June Bircham to testify because her statements might tend to incriminate her upon the charges filed against her and that her testimony would not be of assistance to the petitioner, but would be given, if at all, on behalf of the Commonwealth of Kentucky". The petition then sets out she is now willing to testify for her husband and her testimony will be that on the night of the tragedy Bircham was dressed in a yellow shirt and not a "T-shirt" as testified to by Officer Ross; that Bircham wore a hat which was pulled down over the side of his face and the officer did not order Bircham to stop his car; that the windshield and side windows of Bircham's car were obscured by rain and its dashboard light was not burning; that the officers did not attempt to arrest Bircham but only informed him he was going the wrong way on a one-way street; that after leaving his car Bircham was immediately placed under fire by the police officers; that Officer Ross nearly intercepted Bircham and the latter turned, started around to the back of the house and passed out of her view.

The petitioner further avers that a witness, Luther Williams, on the trial during his cross-examination, evaded giving a description of how Bircham was dressed, and this witness and his wife would now corroborate appellant's wife as to the clothes Bircham was wearing. The petition then states Bircham "has reasonable grounds to believe that the gun used by Officer Ross was never produced for examination by the Federal Bureau of Investigation and if this gun were examined at this time, it would show one of the bullets found in the body of Officer Tennyson had been fired by the gun of Officer Ross".

It is manifest the testimony of June Bircham and of Williams and his wife, is but cumulative to that given on the trial by Bircham. This evidence is far from

934

being of a conclusive character and it is not probable the jury would have returned a different verdict had it heard same. Furthermore, Bircham used no dilligence to discover this evidence before or at the time of his trial. He knew his wife was in the car with him on the night of the tragedy, that she was then in jail in Louisville, had been subpoenaed and was refusing to testify, yet he did not move the trial judge to have her brought into court so his attorney could interview her and ascertain what facts she knew and what testimony she would give. Had this been done and had she been offered as a witness as to how Bircham was dressed, the court could have confined the Commonwealth on cross-examination to the matter covered in her testimony and so informed her of this limitation in her cross-examination. In which event she probably would have testified, since her describing Bircham's clothes could have in no way incriminated her.

As to Williams having evaded defense counsel's questions on cross-examination as to how Bircham was dressed, counsel could have moved the court to require the witness to give direct answers. Mrs. William's testimony would only relate as to how Bircham was dressed and would be cumulative. As to whether the deceased officer was killed by a bullet fired from the gun of Bircham or that of his fellow officer, the defense had ample time to have had these two pistols tested by ballistic experts before the trial, since the shooting occurred on the night of Aug. 14th and the trial did not start until Oct. 11, 1949.

■ In Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48, will be found an exhaustive discussion on the writ of coram nobis. It was there pointed out the writ does not issue as a matter of right but the granting of it is in the sound discretion of the judge who tried the accused, upon a showing there is a strong probability there has been a miscarriage of justice. We there said delay in seeking the writ until the executioner is seen approaching is suspicious, and unless it appears from the record with reasonable certainty that

earlier action to secure the writ was not reasonably possible, or that a supreme emergency existed, a stay of execution will not be granted. Here, certiorari was denied by the Supreme Court on Oct. 8, 1951, 342 U.S. 805, 72 S.Ct. 55, and the condemned man waited until two days prior to the date set for his execution, Jan. 18, 1952, before he applied for the writ. Such delay is strongly persuasive of the fact his petition lacks merit.

■ The new evidence set out in the petition was not of the character calculated to change the result of the trial. It was merely cumulative. Furthermore, no dilligence was shown on behalf of accused to produce the witness in jail and to bring her before the trial judge for an examination as to whether her testimony in behalf of her husband would incriminate her. On the authority of Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48, we affirm the judgment of the trial court.

The judgment is affirmed.