**BIRCHAM v. BUCHANAN, Warden.**

Court of Appeals of Kentucky.
Feb. 1, 1952.

Petition for Writ of Certiorari Dismissed
March 10, 1952.

See 72 S.Ct. 629.

Rodes Myers, Bowling Green, Robert Zollinger, Louisville, for appellant.

A. Scott Hamilton, Louisville, for appellee.

SIMS, Justice.

On Jan. 16, 1952, this court entered an order affirming the judgment of the Jefferson Circuit Court, Criminal Branch, First Division, wherein it refused to grant Earl D. Bircham a writ of coram nobis. Bircham v. Commonwealth, Ky., 245 S.W.2d 932. The following day Bircham filed his petition in the Lyon Circuit Court asking a writ of habeas corpus against Jess Buchanan, Warden of the Eddyville Penitentiary, to prevent the warden from executing him on Jan. 18th and to cause him to produce Bircham's living body in court for a hearing on the writ. Hon. Ira D. Smith, Judge of the Lyon Circuit Court, upon a hearing refused to grant the writ, and the record was produced to this court January 17th on appeal. The judgment was affirmed by an order entered on that day which recited the opinion would follow as soon as it could be prepared.

The petition seeking a writ of habeas corpus is quite long and sets out what counsel for appellant deem to be many prejudicial errors made during the trial. This court has consistently held habeas corpus does not lie to correct errors occurring on the trial and is available only when the judgment is void. Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813; Sharpe v. Commonwealth,

292 Ky. 86, 165 S.W.2d 993; Elliott v. Commonwealth, 292 Ky. 614, 167 S.W.2d 703; Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48. A habeas corpus proceeding to release from prison one convicted of a crime is a collateral attack on the judgment and lies only where the judgment under which the prisoner is held is void. Hageman v. Kirkpatrick, 283 Ky. 798, 143 S.W.2d 506; Sexton v. Buchanan, 292 Ky. 716, 168 S.W.2d 19.

The petition further sets out that the first indictment returned charged appellant with killing John Shepherd instead of ' John Tennyson. This mistake was discovered before trial and a second indictment was returned charging him with killing John Tennyson and appellant was tried on this second indictment. It is averred in the petition no order of court was made showing this second indictment was returned in open court and no judgment sentencing Bircham to death was entered on the verdict. Appellant is mistaken, the record shows the indictment was duly returned in open court and the judgment sentencing him to death was regularly entered on the verdict.

Judge Smith properly refused to grant the writ of habeas corpus and the judgment is affirmed.